## SAN SABA COUNTY WATER CONTROL AND IMPROVEMENT DIST. NO. I et al. v. SUTTON et al. (No. 992—5153.)

Commission of Appeals of Texas, Section B. Jan. 2, 1929.

N. C. Walker, of San Saba, for plaintiffs in error.

Wallace & Taylor, of Dallas, and James H. Baker, of San Saba, for defendants in error.

Andrews, Streetman, Logue & Mobley, of Houston, Vernon Hill, of Mission, James R. Dougherty, of Beeville, Sidney L. Samuels and Ireland Hampton, both of Fort Worth, and Smith & Gibson, of Austin, amici curiæ.

SPEER, J. This is an injunction suit instituted by I. C. Sutton and others against the San Saba county water control and improvement district No. 1 and others, to restrain the defendants from collecting taxes; the complainants being property owners and taxpayers in the district affected, and the constitutional right of the district to exist, forming the basis for the relief sought. The plaintiffs had judgment in the trial court, and that judgment was affirmed by the Court of Civil Appeals for the Third District. 8 S.W. (2d) 319.

As stated by the Court of Civil Appeals, the district is wholly within San Saba county and was organized under chapter 25 of the General Laws of the Regular Session of the Thirty-Ninth Legislature (1925); and the controlling question in the case is whether the act in question was void under the due process of law clauses of the federal and state Constitutions; the precise point of attack being that the act does not provide for an adequate hearing to landowners in the district with reference to benefits and boundaries.

The Court of Civil Appeals recognized that the question involved is one of "no little difficulty," but thought the case should be controlled by the decisions in Browning v. Hooper, 269 U. S. 396, 46 S. Ct. 141, 70 L. Ed. 330, and State v. Ball, 116 Tex. 527, 296 S. W. 1085.

Those sections of the act under which the district was created, in so far as they are thought to be pertinent, are as follows:

"Water control and improvement districts may be organized under the provisions of Section 59 of Article 16 of the Constitution for any one or more of the purposes therein provided as follows:

"Including the control, storing, preservation and distribution of its waters and flood waters, the waters of its rivers and streams, for irrigation, power, and all other useful purposes, the reclamation and irrigation of its arid, semi-arid and other lands needing irrigation, reclamation and drainage of its overflowed lands and other lands needing drainage, the conservation and development of its forest, water and hydro-electric power, the navigation of its coastal and inland waters, and the preservation and conservation of all such natural resources of the State." Vernon's Ann. Tex. Stat. 1925, art. 7880, § 3.

"The petition shall designate the name of the district, the area and boundaries thereof, the provision of the Constitution under which same is to be organized, the purpose or purposes of same. Said petition shall state the general nature of the work to be done, the necessity thereof, the feasibility thereof, with reasonable detail and definiteness in order that the court or board passing on same may understand therefrom the purpose, utility, feasibility and need or necessity therefor. The petition shall state the estimated cost of the project as then estimated by those filing such petition from such information as they may have at that time." Vernon's Ann. Tex. Stat. 1925, art. 7880, § 11.

"When a petition is filed for the organization of a district within one county the county judge shall make an order setting the date of hearing thereof by the county commissioners' court, and shall endorse same on said petition or on a paper attached thereto. The county clerk shall thereupon issue a notice of such hearing. Said petition may be considered at a regular or special session of said court." Vernon's Ann. Tex. Stat. 1925, art. 7880, § 14.

"The notice of hearing of a petition for the formation of a district shall contain a statement of the nature and purpose thereof, the date and time and place of hearing. The notice shall be prepared with one original and three copies. The county clerk will retain one copy in his files and deliver the original and two copies to the county sheriff. The sheriff shall post one copy at the court house door fifteen days prior to the date of hearing and shall publish one copy in a newspaper of general circulation in the county once a week for two consecutive weeks, the first publication thereof to be made at least twenty days prior to the date of hearing. He shall make due return of service thereof with copy and affi-davit of publication attached on the original prior to date of hearing." Vernon's Ann. Tex. Stat. 1925, art. 7880, § 15.

"Upon the day set for hearing upon a petition for the organization of a district by the county commissioners' court, or by the State Board of Water Engineers, any person whose land is included in or would be affected by the creation of such district may appear and contest the creation thereof and may offer testimony to show that such district is or is not necessary, would or would not be a public utility, and would or would not be feasible or practicable. Such hearing may be adjourned from day to day." Vernon's Ann. Tex. Stat. 1925, art. 7880, § 17.

"The county commissioners' court shall have exclusive jurisdiction to hear, consider and determine all such petitions for organization in one county, and all orders made by said court therein shall be final, provided that if the court shall grant or refuse such petition any party thereto may file an appeal therefrom to the district court by filing with the clerk of the commissioners' court notice thereof within ten days after the making of a final order. The clerk of the commissioners' court shall file in the office of the clerk of the district court to which such appeal is taken as set out in the notice of appeal, a certified copy and trans (s) cript of all the papers, records and files pertaining to said cause. Said cause shall be tried as other civil cases in the district court, the trial being de novo except that it shall not be necessary to file any other or additional pleadings therein. All parties thereto shall take notice of said appeal by virtue of the notice of appeal filed as herein provided without the issuance of citation or notice thereof. Said cause shall be advanced and be tried by the district court as soon after being filed as possible. The final judgment on appeal shall be certified by the clerk of said court, to the commissioners' court for further action as ordered therein. All original papers and files therein which were sent to the district court by the clerk of the commissioners' court shall be returned." Vernon's Ann. Tex. Stat. 1925, art. 7880, § 18.

"If it shall appear on hearing to the commissioners' court that the organization of a district as prayed for is feasible and practicable, that it would be a benefit to the land to be included therein, or be a public benefit, or utility, the commissioners' court shall so find and grant the petition. If the court should find that such proposed district is not feasible or practicable, would not be a public benefit or utility, or is not needed, the court shall refuse to grant the petition." Vernon's Ann. Tex. Stat. 1925, art. 7880, § 19.

"Whenever a district shall have been organized and the directors shall find that land has been included within the boundaries of the

district that should not have been included therein for the reason that same cannot be supplied with water from the plant and improvements to be constructed by the district, or for other good reason, and such facts are ascertained and determined before bonds are issued, the directors may make an order entering on their minutes excluding such lands from the district and give notice thereof to the owners of such lands by mail. Notice thereof shall also be given by publication of notice once a week for two consecutive weeks in a newspaper published in the county or counties in which such district is situated. The owners of any such land may file protest thereto at any time within thirty days after the publication of notice and in the event of such protest such lands shall not be excluded therefrom. In the event no protest thereto is filed, such order excluding such lands shall become and be effective thirty days after publication of notice thereof is complete, whereupon said order excluding such lands shall be filed for record in the office of the county clerk of the county in which such lands are located." Vernon's Ann. Tex. Stat. 1925, art. 7880, § 76.

■ Unless the statute authorizing the creation of plaintiff in error district provides for notice to property owners affected and for a hearing and determination of benefits, it is void as in violation of our due process clauses and must fall. Browning v. Hooper, 269 U. S. 396, 46 S. Ct. 141, 70 L. Ed. 330. We make this statement without reference to validating acts, since this proceeding was a pending one and therefore specially excepted in such Acts.

■ We approach the question with the purpose of adopting that construction of the act which will give it validity rather than to destroy it, if such construction be a reasonable one. No authorities need be cited for a rule of statutory construction so elementary.

■ The question turns upon the interpretation of section 19 already quoted. Construing this section, the Court of Civil Appeals said: "There is no discretion in the commissioners' court under section 19 to change the boundaries in any respect. The commissioners' court is therein required either to grant or refuse the petition and the matters to be inquired into upon the hearing by the commissioners' court are specifically stated as follows: That the district is feasible and practicable, that it would be a benefit to the land to be included therein or be a public benefit or utility. If these issues are determined in the affirmative, the commissioners' court is required to grant the petition."

This interpretation is not an unreasonable one, and the language is susceptible of that meaning, but it is not the only reasonable interpretation. The language is likewise susceptible of another meaning, and that is that the finding that the district is a public benefit or utility includes the finding of benefits to each and every tract included in the project. For in determining what is a public benefit, necessarily the rights of the individuals composing that public enter into the consideration. M., K. & T. Ry. Co. v. Rockwall County Levee Dist. (Tex. Sup.) 297 S. W. 206. That the Legislature had in mind not only the creation of a valid district, but a specific purpose to authorize a hearing as to benefits, is shown by the express language permitting (and therefore requiring) a hearing as to the benefit to the land included therein. Our conclusion, we think, is compelled by the decision of our Supreme Court in Rutledge v. State, 7 S.W.(2d) 1071. That decision construed the language of section 6 of the Act of 1915 (Acts 1915, c. 146) which, in the respect under consideration, was as follows: "If upon the hearing of said petition it shall appear to the court that the proposed improvements are feasible and practicable, and are needed, and would be conducive to public health, or would be a public benefit or a public utility, then the court shall so find and shall render judgment reciting such findings and create and establish such district," etc. In holding this to be a provision for hearing as to benefits, the court said:

"It would be an unreasonable construction of the law to say that after a contest and hearing touching the entire subject-matter of the creation of a district, and after an investigation by the reclamation engineer to determine whether or not its creation is feasible and practicable, the commissioners' court should not have authority to exclude * * * any portion of the land which the reclamation engineer might say, and which upon investigation the commissioners' court might conclude, did not need protection from any overflow, or would not be benefited by the improvements found to be feasible and practicable. * * *

"We prefer to give the act a reasonable and practical construction, and to say that by its terms it intends to confer, and does confer, upon the commissioners' court the power and duty to determine the feasibility and practicability of the proposed organization of the district as related to each of the several tracts of land included therein; that the power to determine whether or not the proposed improvements are needed relates to each of the several tracts of land included in the district; that the power to determine whether or not the creation of the district would be a public utility carries with it the power to determine whether or not the lands to be included would be benefited; and that the power to define the boundaries of the district carries authority with it to determine whether or not the lands within these boundaries will be protected from overflows or be benefited by the protection afforded by the creation of the district—and

with power, therefore, to exclude from the district such lands as would not be thus protected or thus benefited."

For this construction the court cited Embree v. Kansas City, etc., Dist., 240 U. S. 242, 36 S. Ct. 317, 60 L. Ed. 624, and Trimmier v. Carlton, 116 Tex. 572, 296 S. W. 1070. Here the statute not only provides for notice and a hearing as to whether or not the district is "feasible and practicable," and whether the same would be "a public benefit or utility," but, as already pointed out, also as a part of this determination whether "it would be a benefit to the land to be included therein." It is true the act does not specifically give the commissioners' court the power to grant the petition after having found that any part of the lands included therein would not be benefited, but rather it appears to be the duty of the court to refuse to grant the petition in such a case. This would not render the law repugnant to the due process clause, since to refuse the petition would be full relief to the complainant.

It is argued, and with much plausibility, that at the stage of the proceedings contemplated in section 19 it is difficult, if not impossible, to enter into the inquiry as to benefits with any degree of accuracy of judgment, seeing that the work is merely preliminary and surveys necessary to the determination of such matter have not yet been made. But this suggestion is not insuperable; it merely points out a difficulty in proof and does not show a situation where such proof could in no event be made. Moreover, the Legislature recognizing the very difficulty suggested and appreciating the necessity for a further hearing (of which no owner can complain), it provided in section 76, already quoted, for a further hearing by the directors of the district for the exclusion of lands which cannot be benefited.

While this section permits the directors to make an order excluding unbenefited lands when they shall "find" that such lands should not have been included within the boundaries of the district, yet a finding implies a hearing, and we have no doubt but that under the terms of that section any aggrieved property owner would have a right to initiate the hearing by proper complaint to the directors.

So that upon the authorities cited and the reasoning therein announced, we recommend that the judgments of both courts be reversed and judgment be here rendered sustaining the validity of the act in question and refusing all relief to the complainants.

CURETON, C. J. Judgments of the Court of Civil Appeals and of the district court both reversed, and judgment rendered for the plaintiffs in error, as recommended by the Commission of Appeals.