## HIGHWAY TRANSP. CO. et al. v. SOUTH-WESTERN GREYHOUND LINES, Inc.

### No. 8735. ·

Court of Civil Appeals of Texas. Austin.

Jan. 4, 1939.

Rehearing Denied Feb. 8, 1939.

Wm. McCraw, Atty. Gen., and Albert G. Walker, Asst. Atty. Gen., for appellant Railroad Commission.

W. E. Pope and Jack Pope, both of Corpus Christi, for appellant Highway Transp. Co.

Wm. E. Dahl, and Samuels, Foster, Brown & McGee, all of Fort Worth, for appellee Southwestern Greyhound Lines, Inc.

McCLENDON, Chief Justice.

This suit was brought under Sec. 17 of Art. 911a, Vernon's Ann.Rev.Civ.St. (Motor Bus Transportation Law), to annul an order of the Railroad Commission which granted leave to appellant Highway Transportation Company for its buses to enter and leave Bowens Union Bus Station at Victoria and Greyhound Union Bus Stations at Beeville and Corpus Christi, and ordered the agents at such stations to sell the tickets of appellant without discrimination and to charge 10% of the price of such tickets as compensation for the service. Ancillary injunctive relief was sought. The suit was by the Southwestern Greyhound Lines, Inc., against the Highway Company and the Commission to annul the order in so far as it affected its depots at Beeville and Corpus Christi. In the trial, which was to the court, it developed that the Greyhound Lines had no jurisdiction or control over the Beeville station, it having only the right, along with some other bus lines, to use that station for its traffic. The judgment held the order void, cancelled it and permanently enjoined its enforcement "in so far as said order is applicable to or affects in any way the plaintiff, Southwestern Greyhound Lines, Inc." In view of the pleadings and evidence we construe the judgment as affecting the order only in so far as it applies to the Corpus Christi station. The appeal is by the Highway Transportation Company and the Commission.

Appellee's contention that the order is void is predicated upon the following (substantially stated) grounds:

1. The Motor Bus Law, Sec. 4(b), does not confer upon the Commission the power to require the use of terminals by bus lines other than those having contractual rights therein.

2. If, however, construed to confer such power, it is void in that regard, under the due process clauses of the State and Federal Constitutions, Const.Tex. art. 1, § 19; U.S.C.A.Const. Amend. 14, in that it does not provide for notice to the affected parties and hearing thereon.

3. The order is void, in any event, in that it was passed without notice or hearing.

Since we are holding the order void on another ground, it is not necessary to pass upon appellee's first ground, but will assume, for present purposes only, that the Motor Bus Law confers upon the Commission the power to make the order.

■ We are clear in the view that the order was of such character as to require notice and hearing as a prerequisite to its validity. In the recent case of Greer v. R. R. Comm., 117 S.W.2d 142, error dismissed, we held that in the absence of statutory requirement, notice and hearing were not essential to Commission orders of a general nature, affecting alike all carriers or all of a class; and that application to the Commission for relief was prerequisite to the right of appeal. The present order does not fall within this class. It was specific, and subjected appellee's property to use by the Highway Company and fixed the amount of compensation for such use. Such use manifestly constituted a taking within the above constitutional provisions. This question has been so often adjudicated that a review of the authorities is not necessary. See San Saba County Water Control & Imp. Dist. v. Sutton, Tex.Civ.App., 8 S. W.2d 319. Our judgment in that case was reversed (Tex.Com.App., 12 S.W.2d 134, 70 A.L.R. 1255) on the ground that a proper construction of the statute there in question required notice and hearing. Our holding that notice and hearing were essential was approved.

■■ Appellants contend that where the right of appeal from the order of an administrative board is given with trial de novo, due process is satisfied. There is authority for this proposition. See Greer case, above. However that may be in some instances, the rule is not applicable to the case at bar. The Commission is charged with the duty of determining, in the first instance, whether the application should be granted; and a wide discretion is vested in it in reaching its conclusion. Its discretionary powers are not subject to review; but review is confined to the issues whether the order is within the powers of the Commission and is supported by substantial evidence. To allow review of its orders otherwise factually would virtually transfer the administrative functions of the Commission to the courts; a function for which they are not equipped. We hold that before the Commission can pass a valid order subjecting the property of a carrier to use by another carrier and fixing the compensation for such use, the owner carrier is entitled to notice and hearing. This holding renders it unnecessary to construe the statute and determine whether it provides for notice and hearing. If it does not it is clearly void for that reason. If it does the order is void, at least upon direct attack, for want of notice and hearing. Rabbit Creek Oil Co. v. Shell Pet. Co., Tex.Civ.App., 66 S.W.2d 737; State v. Blue Diamond Oil Co., Tex.Civ.App., 76 S.W.2d 852; Railroad Comm. v. Red Arrow F. L., Tex.Civ. App., 96 S.W.2d 735.

Appellants contend that notice to appellee was given and a hearing had. The facts in this regard are these:

The application was received by the Commission May 11, 1936, and bore the notation, "Granted 5/25/36." June 4, 1936, Mr. Mark Marshall, Director of the Motor Transportation Division of the Commission, wrote appellee's president a letter reading:

"It has come to our attention that the Highway Transportation Company are not permitted, or are forbidden, to use the Union Terminal in Corpus Christi. They have filed a petition asking that the Commission compel the Southwestern Greyhound Lines to permit them to enter the Union Terminal, stating in such petition that they are willing to pay the usual customary fee.

"It has long been the policy of the Commission to require all bus lines to operate into and use a union bus terminal.

"May I have an immediate reply as to what is the objection to this operator entering this station, and if there is objection at this time. If there is not it will do away with the necessity of the Commission drawing an order or holding a hearing on this petition.

"Thanking you for a prompt reply, and with best wishes, I am."

June 5, 1936, the president replied to this letter as follows:

"With reference to your letter of June 4, 1936, we wish to state that so far the Highway Transportation Company has not made written application to this company to use the facilities of the Greyhound Union Bus Terminal in Corpus Christi, Texas.

"Such application should show that said company has been authorized to operate over certain routes in accordance with the requirements of the Railroad Commission of Texas, and should also show the number of schedules it is authorized to operate as well as a schedule of the fares it proposes to charge and the authority for same as issued by the Railroad Commission of Texas. You will readily agree that for our own protection in order to ascertain whether or not said company has met all the legal requirements to operate, the above information is necessary.

"The Highway Transportation Company now owes Southwestern Greyhound Lines and its affiliates approximately $200.00, some of which is considerably past due, and which it does not show any inclination whatever to pay inasmuch as it refuses to answer our letters with reference thereto.

"Surely we should not be expected to extend this company additional privileges, thereby increasing its debt to us, until it pays its past due accounts and shows a willingness to cooperate by furnishing us the information necessary to establish it as a duly licensed and ethical motor carrier."

The order was dated November 14, 1936, and recited that the application was made November 14, 1936, and the Commission "having heard the same June 10, A. D. 1936, granted such application." The evidence conclusively shows that no notice was ever given other than that in Mr. Marshall's June 4th letter, and no hearing was had on May 25th, June 10th, November 14th, or any other date. As to what transpired on November 14th, the attorney for the Highway Company testified: "Well, Mr. Thompson and Mr. Terrell went into Mr. Smith's office with me and I reiterated the substance of the application, and matters relating to the delay, and they agreed that the order that they made in June, I believe it was, would be made a formal order and they would require us—that is, require the Highway Transportation Company to enter those stations and to take whatever steps necessary to do so."

 Appellants' contention is that Mr. Marshall's June 4th letter constituted notice, and it was then incumbent upon appellee to apprise itself of all proceedings under the application. The letter was in no proper sense the notice which the law requires. It was merely notice of the application's filing and an attempt to adjust the controversy, and thereby "do away with the necessity of the Commission drawing an order or holding a hearing on this petition." The right to notice and hearing are not satisfied unless notice of time and place of such hearing are given, and an opportunity to be heard and offer testimony at such time and place accorded. Otherwise the order of the Commission would be arbitrary and unwarranted.

While, as stated at the outset, we construe the trial court's judgment as affecting only the Corpus Christi terminal, its general language may render it susceptible of a broader interpretation. Appellants are entitled to have it expressly so limited; but as this matter was not called to the trial court's attention, it should be at appellants' cost. No doubt the trial court would have clarified the judgment in this regard had its attention been directed to the matter.

The trial court's judgment is reformed so as to expressly limit its application to appellee's Corpus Christi terminal, and as so reformed it is affirmed. Costs of appeal are assessed against appellants.

Reformed and affirmed.