**GLEN OAKS UTILITIES, INC., et al.,
Appellants,**

v.

**CITY OF HOUSTON, Appellee.**

No. 3727.

Court of Civil Appeals of Texas.

Waco.

March 10, 1960.

Rehearing Denied April 14, 1960.

Dow & Dow, Houston, for appellant.

R. H. Burks, City Atty., John Gano, Senior Asst. City Atty., Charles F. Weaver, Asst. City Atty., Houston, for appellee.

TIREY, Justice.

The appellants brought this action for an injunction prohibiting the City of Houston from enforcing an ordinance which it had enacted fixing rates for each of the utility companies. The city seasonably filed its plea to the jurisdiction and a motion to dismiss, and in the order we find substantially this recital: On the 12th day of August, 1959, came on to be heard the plea to the jurisdiction and motion to dismiss of the City of Houston, and the plaintiffs and the defendant each having appeared in open court, and all parties having announced ready, the Court ordered the hearing to proceed, and the Court having fully read and considered the pleadings, together with the argument of counsel for each respective party, and being of the opinion that defendant's plea to the jurisdiction and motion to dismiss should be in all things sustained, dismissed the plaintiffs' cause of action and taxed the costs against them. Plaintiffs excepted and gave notice of appeal to the First Supreme Judicial District of Texas, and seasonably perfected their appeal to that Appellate Court, and the cause is here on transfer.

The decree is assailed on two points, they are substantially to the effect that the Court erred in dismissing this cause: (1) Because the Court had jurisdiction of plaintiffs' suit for an injunction against the enforcement of a rate-fixing ordinance which they alleged to be unconstitutional in that the ordinance was enacted without notice and without hearing, and because it fixed a confiscatory rate; (2) The Court should reverse the judgment of the Trial Court and render judgment granting the temporary injunction as prayed for by appellants.

The following statement is taken substantially from appellants' first three paragraphs in their statement of the nature and result of the case: The suit is brought by two utility companies for an injunction prohibiting the City of Houston from enforcing an ordinance which it had enacted fixing rates for the utility companies. The petition alleged the ordinance to be unconstitutional under both State and Federal Constitutions, Vernon's Ann.St.Const. art. 1, § 13; U.S.Const. Amend. 14, for the reasons that it was enacted without notice of a hearing (thus depriving the plaintiffs of procedural Due Process of Law) and fixed confiscatory rates (thus depriving them of substantive Due Process of law). The City filed a Plea to the Jurisdiction and Motion to Dismiss, a Motion for Continuance, and a General Denial. The Trial Court sustained the City's Plea to the Jurisdiction and granted the Motion to Dismiss. The only question presented in this appeal is: Does the District Court have jurisdiction of a suit brought by a utility company to enjoin enforcement of a City rate-fixing Ordinance which is alleged to be unconstitutional on the grounds that it was enacted without notice or hearing and fixed confiscatory rates? For the purposes of this case, all the allegations of plaintiffs' petition must be taken as true.

Pertinent to this discussion we quote substantially from paragraphs 2, 3, 4 and 5, of Appellee's statement of the nature and result of the suit. Appellants are engaged in selling water and sanitary sewer service to the public in the City of Houston. They did not have, nor have they ever had a franchise granted by the City of Houston, nor have they ever requested the granting thereof; that prior to July 17, 1959, appellants water and sewer rates were:

fixed by ordinance 57531; that on July 17, 1959, the city council enacted ordinance 59–996, increasing appellants' maximum rates for water and sewer service by approximately 50% under the maximum rates previously enacted by ordinance 57–531, and provided (Section 3) that if appellants were not satisfied therewith they might apply for a rate hearing and same would be expeditiously conducted; that appellants have never applied therefor; that on August 4, 1959, appellants filed this suit to enjoin enforcement of ordinance 59–996; appellee filed its plea to the jurisdiction, and a motion to dismiss, and its original answer, the latter consisting of a general denial and verified plea controverting the allegations of appellant. On August 7, 1959, the District Court conducted a hearing on appellee's plea to the jurisdiction and its motion to dismiss, at which time the Court considered the pleadings of record and the statement and arguments made by attorneys for both sides pertinent to the facts. This hearing was not reported and no evidence was received other than the statement of facts undisputed between the parties as to the facts and circumstances pertaining to the suit; that at the conclusion of the hearing on August 7, 1959, the Court directed both appellants and appellee to submit written briefs on the applicable law and recessed the hearing until August 12, 1959. Both parties prepared and filed written briefs and the hearing resumed on August 12, 1959, at which time and after further discussion with the attorneys for appellants and appellee, the Court sustained appellee's plea to the jurisdiction and its motion to dismiss, and dismissed the suit. No record was made by a court reporter of the facts stated to the Court, nor the arguments of counsel, and the cause is here solely on the pleadings shown in the transcript. It is true that there is an instrument filed with the record which appellants designated Statement of Facts, but as we understand this instrument it is not a record of any proceedings had in the Court proceeding prior to the Court's judgment dismissing this cause; it is only an ex-parte record made by appellants after the cause was dismissed by the Court. Appellants went to trial on this hearing on their original petition and application for injunction filed August 4, 1959. Plaintiffs' application sets out that the City of Houston, on July 17, 1959, enacted ordinance 59–996, purporting to fix estimated rates for water and sewer service rendered by the plaintiffs. Pertinent to this discussion plaintiffs allege that they had made many attempts for a hearing on previous applications regarding the rates previously fixed by the City of Houston applicable to them, but specifically alleged that the city never held any hearing prior to the adoption of ordinance 59–996, and that they had no opportunity to be heard with reference to the rates that the ordinance fixed; that the rates fixed by the ordinance were unjust and unreasonable and are so low as to be confiscatory and deprive plaintiffs of a fair rate on the value of their property used in the public service; that if the rates prescribed by ordinance 59–996 had been charged for the fiscal year ending March 31, 1959, the Glen Oaks Utilities would have received a net income of $10,968.80, and that the return on their property would have been less than 3.29%; that if the rates prescribed by ordinance 59–996 had been charged for the fiscal year ending March 31, 1959, by the Greenfield Utility Corporation that its net income would have been $3,499.51, and such sum would have represented a return on its investment of less than 2.5%. Plaintiffs alleged that such ordinance was void. They further alleged that ordinance 59–996, was enacted on the afternoon of Friday, July 17, 1959, for the purpose of preceding a hearing at 9 A.M., Monday, July 20, 1959, which hearing was to be had on a motion for summary judgment of these facts in another cause wherein the City of Houston v. Glen Oakes Utilities, et al., No. 488,-535, in the 125th Judicial District Court was pending, and such hearing was well known to the City of Houston; plaintiffs alleged

on information and belief that the City of Houston enacted ordinance 59–996 for the purpose of rendering moot the cause of action No. 488,535, and in order to avoid hearing on their motion for summary judgment, and for the purpose of deliberately disregarding plaintiffs' numerous requests for a rate hearing which they had demanded, and that the city enacted ordinance 59–996 fixing the rates without any hearing and without any findings of fact upon which to predicate such rates. Plaintiffs attached a copy of ordinance 59–996 to their petition as exhibit "A", and made it a part of their application for injunction. This ordinance shows certain rates fixed for water, certain rates fixed for sewer, and Section 3 thereof provides:

"Section 3—That in the event that either company is not satisfied with the rates as established by this ordinance, the City Council of the City of Houston, upon application by either or both of said companies, made in the manner and meeting the requirements of Ordinance No. 57–531 passed by the City Council of the City of Houston on May 1, 1957, will, as soon as practicable, taking into consideration the other rate hearings which it is engaged in and which it has pending at that time, set a new rate hearing for either or both of said companies for the purpose of adjusting the rates herein set or, in the alternative, for the purpose of establishing new rates."

As we understand this record, it is without dispute that the City of Houston passed the ordinance 59–996 on July 17, 1959. This ordinance by its terms after its approval on the 17th day of July, 1959, became operative after the first billing date awaiting its final passage and approval, so there is no doubt that ordinance 59–996 was in force and effect at the time plaintiffs filed their application for injunction on August 4, 1959. There is a total absence of any allegation in plaintiffs' petition to the effect that they attempted to comply with Section 3 of the ordinance heretofore quoted.

In San Antonio Transit Company v. City of San Antonio, Tex.Civ.App., 323 S.W.2d 272, 276, n. w. h., we find this statement of the Rule:

"A transit company desiring to increase its rates must apply to the City Council for a new rate and must invoke the rate fixing powers of the City before it may resort to the courts." Citing many cases.

So, we have here a situation where the appellants assert that they desire a rate hearing and a rate increase without ever having made any effort to secure such action from the City of Houston after it passed ordinance 59–996. Our Courts have consistently held that a utility must, as a prerequisite to a suit attacking rates invoke and exhaust the rate fixing powers of the City. See also Southwestern Associated Telephone Company v. City of Dalhart, Tex.Civ.App., 254 S.W.2d 819, n. r. e.; Lone Star Gas Company v. State, 137 Tex. 279, 153 S.W. 2d 681; Railroad Commission of Texas v. Wencker, 140 Tex. 527, 168 S.W.2d 625. The Supreme Court of the United States applied the same doctrine in Myers v. Bethlehem Shipbuilding Corporation, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638. See State ex rel. Scott v. Scearce, 303 S.W.2d 175, Court of Appeals, State of Missouri. The foregoing Rule is so well settled that further argument or further citations would serve no useful purpose.

Needless to say from the discussion aforesaid appellants' Point 1 is over-ruled, and appellants' Point 2 necessarily passes out of the case.

■ Since the record shows that the instrument designated Statement of Facts filed by appellants was prepared after the hearing and after the Court had announced its decision, and since it is without dispute that such instrument reflects no part of any proceedings which transpired at or during the hearing on the ap-

pellee's plea to the jurisdiction and motion to dismiss, and is only a unilateral record and documents of plaintiffs made after the Trial Court had ruled on the plea to the jurisdiction, and had adjudged that the Court was without jurisdiction to hear the cause, that the material therein set forth does not form any part of the record of events occurring prior to the Court's hearing and prior to the judgment. The matters therein contained cannot be properly considered by the Court of Appeals, and we think that appellee's motion to strike the instrument should be granted; accordingly, it is granted. Appellants' motion to strike appellee's brief is without merit, and it is over-ruled. Being of the further view that the plaintiffs' petition wholly failed to allege that they complied with Section 3, of ordinance 59–996, establishing rates for each of the plaintiffs in their suit to enjoin the city from enforcing such ordinance, is and was prematurely brought, and the Trial Court correctly dismissed the action. Accordingly the judgment of the Trial Court is affirmed.