GLEN OAKS UTILITIES, INCORPORATED, ET AL V. CITY OF HOUSTON.

No. A-7875. Decided November 23, 1961.
Rehearing Overruled December 31, 1961.
(340 S.W. 2d Series 783)

*Dow & Dow and Melvin A. Dow,* of Houston, for petitioners.

The Court of Civil Appeals erred in affirming the judgment of the district court which had dismissed this cause for want of jurisdiction, when in fact said district court did have jurisdiction for an injunction against enforcement of a rate-fixing ordinance which was attacked as being unconstitutional in that it was enacted without notice or hearing, and fixed a confiscatory rate as their service charge. General Telephone Co. v. City of Wellington, 156 Texas 238, 294 S.W. 2d 385; Gulf, C & S. F. Ry. Co. v. Railroad Commissioner of Texas, 102 Texas 338, 116 S.W. 795; Highway Transportation Company v. Southwestern Greyhound Lines, 124 S.W. 2d 433, error refused.

*R. H. Burks,* City Attorney, *John Gano* and *Charles F. Weaver,* Assistants City Attorney for the City of Houston, respondent.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

This action was instituted by Glen Oaks Utilities, Inc., and Greenfield Utilities Corporation, petitioners, against the City of Houston, respondent, for an injunction to prevent the enforcement of an ordinance fixing rates to be charged by them for water and sewer service in the city. The City filed a plea to the jurisdiction of the district court to entertain the suit, which was sustained and the case dismissed. The Court of Civil Appeals affirmed the trial court's judgment of dismissal. 334 S.W. 2d 469.

The plea to the jurisdiction was based upon two grounds:

1. Since the ordinance is regular and valid on its face the court had no jurisdiction to inquire into the facts upon which it was based.

2. The petitioners had not exhausted their administrative remedies. The trial court filed no conclusions of law, and it cannot be determined upon which of these grounds it based its ruling. The Court of Civil Appeals affirmed on the ground that, since Section 3 of the ordinance provided that a party dissatisfied with the rate set could apply for a new rate hearing before the City Council, the plaintif had not exhausted their administrative remedies.

■■ We cannot sustain the City's position that the court has no jurisdiction over the question of procedural due process because the ordinance on its face is regular and valid, and the court is not authorized to go behind the ordinance to investigate the facts of its passage. It is settled law that procedural due process requires that a rate-fixing body give due notice to the utility involved and grant a hearing before enacting an ordinance. Interstate Commerce Commission v. Louisville & Nashville Railroad, 227 U.S. 88, 33 Sup. Ct. 185, 57 L. Ed. 431; Ohio Bell Telephone Co. v. Public Utilities Commission of Ohio, 301 U.S. 292, 57 Sup. Ct. 724, 81 L. Ed. 1093; Highway Transportation Co. v. Southwestern Greyhound Lines, Inc., 124 S.W. 2d 433, er. ref. Justice requires that a court must have authority to go behind an ordinance which is valid on its face and inquire into the facts surrounding its enactment; otherwise the utility would have a right without a remedy.

■ It is the further position of the City that the ordinance is presumed valid as a matter of law and that the court has no jurisdiction to consider the question of its validity at a hearing on temporary injunction. We cannot sustain that contention. The law has been settled in this State against it. General Telephone Company of the Southwest v. Wellington, 156 Texas 238, 294 S.W. 2d 385; City of Houston v. Southwestern Bell Telephone Co., 263 S.W. 2d 169, er. ref. A court may exercise its equity powers to enjoin the enforcement of a rate-fixing ordinance which is attacked because the rates set are confiscatory, and may issue a temporary injunction pending final determination of the validity of the ordinance. The court does not actually decide the validity of the ordinance at the hearing on temporary injunction, but decides only whether it is probable that the plaintiff may succeed in his attack on the ordinance at the final disposition of the case. If it so appears, the temporary injunction may properly be issued.

■ The second ground of the plea to the jurisdiction was that petitioners had not exhausted their administrative remedies. That ground is based on the fact that Section 3 of the ordinance provides, in substance, that if either company is dissatisfied with the rates as established, the City Council upon application will, as soon as practicable, set a new rate hearing for the purpose of adjusting the rates therein set or, in the alternative, for the purpose of establishing new rates. It is the position of the City that since it has provided a means for obtaining a new hearing on the rates, petitioners must exhaust that remedy before being entitled to apply to the courts for relief. That

ground was sustained by the Court of Civil Appeals, and upon it the trial court's judgment of dismissal was affirmed. It is not questioned that administrative remedies must be exhausted before the courts will intervene to give relief. Generally the plaintiff has not actually suffered any injury until the administrative processes have been completed and the ruling complained of has been put into effect. In the present case the ordinance is to go into effect immediately. No provision is made for a stay of the ordinance pending the outcome of the new hearing which the utilities are authorized to request. It follows that if the facts developed on the hearing show that the ordinance is void, and the utility companies are sustaining an immediate injury by its enforcement, the courts will not require them to continue to suffer the injury until the City has completed its second hearing on the subject. An administrative body cannot, by reserving for itself the power to change a ruling, deprive the courts of jurisdiction to the detriment of the parties injured by the ruling. Railroad Commission v. Houston Chamber of Commerce, 124 Texas 375, 78 S.W. 2d 591; Southern Surety Co. v. Hendley, 226 S.W. 454, er. ref. Since the ordinance in question went into effect immediately upon its enactment, petitioners had the immediate right to turn to the courts for relief.

■ We turn next to an examination of the plaintiffs' petition. The court would not remand a case for trial on the ground that the trial court erred in holding that it had no jurisdiction, if the petition itself shows on its face that there are no facts which would entitle the petitioners to relief. The City argues that that is the case in the instant suit. We have concluded, however, that the petition as a whole does set out facts which, if proved, would entitle the plaintiffs to some relief.

The petition may be briefly summarized as follows:

It alleges that the plaintiffs are utility companies serving an area of Houston which was annexed on January 1, 1957; that thereafter in an action in the district court a temporarly injunction was granted the City restraining plaintiffs from increasing utility rates charged by them, conditioned on the City's commencing a rate hearing within thirty days from the date of a request by the companies. On August 14, 1957, a rate hearing was commenced and was continued until August 29, 1957. After that hearing no ordinance was enacted to fix rates, and the City and the utility companies began negotiations towards the purchase of the companies' water and sewer systems by the City. These negotiations continued through 1958

without any agreement being reached. On April 22, 1959, plaintiffs submitted a written offer of a sales price, the offer to remain open for thirty days. The City made no response to this offer.

Beginning in May, 1959, and on several dates thereafter, plaintiffs requested a resumption of the rate hearing so that up-to-date information could be presented and the hearing concluded. The City never held any further hearing, but on July 15, 1959, enacted the ordinance here attacked. It was alleged that the evidence adduced at the 1957 hearing was no longer current and could not be a proper basis for a rate ordinance hearing, inasmuch as there had been many additions to plaintiffs' plants since the hearing. Further allegations are that the Mayor and four Councilmen voted in favor of the ordinance, but that not one of them had been present at or participated in the hearings held in 1957. The only two of the present Councilmen who were present at the 1957 hearing were absent when the ordinance was enacted; that the ordinance was enacted in the afternoon of Friday, July 17, 1959. A hearing was scheduled for Monday, July 20, 1959, on plaintiffs' motion for summary judgment denying a permanent injunction in the aforementioned cause filed by the City in 1957 still pending in the district court; that on information and belief the plaintiffs allege that in enacting this ordinance the City was attempting to render the cause moot and thereby avoid the hearing on plaintiffs' motion for summary judgment; that in doing so the City deliberately disregarded plaintiffs' numerous requests for a rate hearing, and enacted the ordinance without any hearing or findings of fact.

In the event a temporary restraining order and a temporary injunction are granted, plaintiffs state that they are willing to make bond to insure prompt repayment of any excess it is later determined that they have charged when new rates are put into effect by the City. The prayer is for a temporary restraining order and temporary injunction prohibiting the City from enforcing the ordinance, from assessing any fines for failure to comply with it, and from interfering with plaintiffs' charging and collecting a fair rate until the City Council prescribes fair and reasonable rates.

Facts alleged in the petition disclose that the rates fixed by the ordinance exceed those under which the plaintiffs had previously operated; even so, if the rates fixed by the ordinance are so low as to be confiscatory, the ordinance is void. General Telephone Company of the Southwest v. City of Wellington,

156 Texas 238, 294 S.W. 2d 385; City of Baytown v. General Telephone Company of the Southwest, 256 S.W. 187, er. ref., n.re. The allegation that the rates fixed are confiscatory is sufficient to entitle petitioners to a judicial determination of that fact regardless of whether the ordinance raises the rates theretofore existing.

The petition also alleges a denial of procedural due process in that the ordinance was enacted without proper notice and hearing. Although the petition shows on its face that a hearing was held two years before the enactment of the ordinance, it clearly alleges changed conditions which render the hearing an improper basis for an ordinance. When this is coupled with the allegations that plaintiffs had repeatedly requested a hearing and that the ordinance under attack was passed solely to render moot another suit pending between the parties, we think the petition presents facts sufficient to entitled the plaintiffs to a trial.

Our conclusion is that the district court has jurisdiction of the suit filed by the petitioners. Accordingly, the judgments of both courts below are reversed, and the cause is remanded to the trial court for a hearing.

Opinion delivered November 23, 1960.

Rehearing overruled December 31, 1960.