**SOUTHERN UNION GAS CO.,**
**Appellant,**

v.

**CITY OF PORT NECHES et**
**al., Appellees.**

**No. 7911.**

Court of Civil Appeals of Texas,
Beaumont.

Oct. 29, 1976.

Rehearing Denied Dec. 9, 1976.

Robert Q. Keith, Beaumont, for appellant.

H. P. Wright, Port Neches, Earl Black, George Wicoff, Jon Burmeister, Port Arthur, W. E. Sanderson, Nederland, for appellees.

STEPHENSON, Justice.

This is an appeal from an order granting a temporary injunction. Defendant, Southern Union Gas Company, was enjoined from charging gas rates in excess of those which were made effective October 31, 1975. Plaintiffs are City of Port Neches and five other cities in middle and south Jefferson County.

In June or July of 1974, all six cities adopted ordinances setting gas rates for residential and commercial customers and adopting by reference defendant's supply agreement dated December 17, 1971, with its wholesale supplier, Pennzoil Pipeline Company (now United Texas Transmission Company). That supply agreement provided for a single annual adjustment in the cost of gas. The city ordinances contain a "flow through" provision, that if there is an increase in the rate defendant was to pay its supplier, such increase could be passed on by defendant to its customers.

In 1975 defendant and United Texas agreed between themselves to amend the 1971 supply agreement to provide for two annual adjustments in the cost of gas rather than a single annual adjustment. That amended agreement was submitted to the Texas Railroad Commission for its approval which had a hearing in September 1975. In October 1975 new rates were passed on by defendant to its customers in these cities about which there is no complaint.

In January 1976 the Railroad Commission issued an interim order allowing United Texas to pass on to defendant a rate increase which had been assessed to United Texas by its supplier, Lo-Vaca. Such interim order does not specifically provide for defendant to pass on the rate increase to its customers.

In March 1976 and again in August 1976 defendant increased the cost of gas to its customers in these cities and this petition for a temporary injunction was filed.

The crux of the position taken by the cities is that their ordinances adopted the 1971 supply agreement, which provided for annual adjustments, and that defendant could not, merely by getting an agreement with its supplier to provide for two annual adjustments, alter defendant's position with the cities, even though the Railroad Commission approved with its interim order.

In oral argument it was stated by counsel for the two cities making argument that if the rate increases had been made in October 1976 they would not be before this court.

Defendant has a point of error challenging the jurisdiction of the trial court to hear this matter. Defendant concedes that as an original proposition consumer rates for gas utility services are a legislative function of the local municipalities with an appeal from the City Council to the Railroad Commission and ultimately to the District Court of Travis County. The consumer rate is also sometimes referred to as the "burner tip rate." On the other hand the rates charged by the producers, transporters and suppliers of natural gas are regulated by the Railroad Commission. Those rates are sometimes referred to as "gate rates."

However, defendant argues that the Railroad Commission was charged with approving or disapproving the contract amendment mentioned, that is changing the adjustment provisions from annually to twice annually. From that premise defendant reaches the conclusion that inasmuch as that question was pending before the Railroad Commission, it has sole jurisdiction to determine the issues. We disagree.

■ Even though the rates being charged the customers in the cities are indirectly affected, the primary issue raised in this litigation is one in contract. Could defendant change the rate adjustment from annually to twice annually without violating the terms of the franchise ordinances adopted by the cities? That subject matter is not one exclusively within the jurisdiction of the Railroad Commission, so as to preclude the trial court in the case before us from making a determination of that legal question when the case is heard on the merits.

■ We have not been cited, nor have we found, a case passing directly upon the question before us. Under Tex.Rev.Civ. Stat.Ann. art. 6058 (1962), if these cities had no "flow through" provision in their ordinances, defendant would have been required to make an application for a rate increase with each city. The Railroad Commission had appellate jurisdiction if the increase was refused. We also think it is clear that art. 6054 (1962) giving the Railroad Commission the right to review and

regulate all orders and agreements of any company controlling a pipeline in the establishment of prices, rates, and regulations, did not refer to orders and agreements with cities such as we have before us. See *Humble Oil & Refining Co. v. Railroad Commission,* 133 Tex. 330, 128 S.W.2d 9 (1939). *Railroad Commission v. United Gas Pipe Line Co.,* 358 S.W.2d 907 (Tex.Civ.App.—Austin 1962, writ ref'd, n.r.e.).

As stated above, the question is not the usual one as to whether or not the rate which the gas company has proposed to charge is reasonable under the "High Plains Test." The question is simply whether defendant can unilaterally change the supply agreement to a semi-annual rate adjustment. We hold that question is one that the trial court had jurisdiction to determine. See *Crystal City v. Lo-Vaca Gathering Co.,* 535 S.W.2d 722 (Tex.Civ.App.—Texarkana 1976, no writ).

Defendant then contends that the trial court should not have granted the temporary injunction because there was no showing of irreparable damage or that there was no adequate legal remedy. We disagree.

■ When we come to consider the adequacy of the legal remedy of the cities, we are guided by the holdings of our courts that an adequate remedy at law preventing relief by injunction means a remedy which is plain and complete, and as practical and efficient to the ends of justice and its prompt administration as a remedy in equity. *Hancock v. Bradshaw,* 350 S.W.2d 955 (Tex.Civ.App.—Amarillo 1961, no writ). We find this quotation in *Brazos R. Conservation & Reclamation Dist. v. Allen,* 141 Tex. 208, 171 S.W.2d 842, 846 (1943):

" 'It is not enough that there is a remedy at law; it must be plain and adequate, or, in other words, as practical and efficient to the ends of justice and its prompt administration as the remedy in equity.' "

■ The fact that the Railroad Commission may eventually order defendant's supplier—and defendant—to refund any excess charges collected under its interim order is not dispositive of the question. The possi-

bility of a refund simply suggests the existence of another remedy which might have been considered by the court in fashioning the appropriate decree; it did not require its selection to the exclusion of all other remedies. Then, too, the possibility of a refund is not as practical and efficient as the injunctive relief granted.

The Supreme Court of Texas has settled the issues which this court must determine on this appeal in *Oil Field Haulers Ass'n v. Railroad Commission*, 381 S.W.2d 183, 191–192 (Tex.1964) as follows:

> "The only ultimate question before the Court of Civil Appeals and before this Court is whether the trial court abused its discretion in granting a temporary injunction . . .. There was no abuse of discretion in the issuance of the writ if Haulers pleaded and offered evidence tending to prove a cause of action, that is, a probable right to a permanent injunction and a probable injury." (citing cases)

We do not find that the trial court abused its discretion in granting the temporary injunction which preserved the status quo pending trial on the merits. There are substantial questions, both of law and fact, which the judge in his discretion could properly reserve until full development of the facts and the law at a plenary trial on the merits. Decision of these questions on this interlocutory appeal would be premature. The ultimate rights of the parties should not be determined on an appeal from an interlocutory order. *Southwest Weather Research, Inc. v. Jones*, 160 Tex. 104, 327 S.W.2d 417, 421 (1959); *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549, 553 (1953); *Irving Bank & Trust Co. v. Second Land Corp.*, 544 S.W.2d 684 (Tex.Civ.App.—Dallas, 1976).

After defendant had perfected its appeal from the order granting the temporary injunction, it filed its motion to dissolve the injunction as to the City of Port Arthur contending that since the city had repealed the "pass-through" provisions of its ordinance involved in this case, the case was moot as to that city. It attached a certified copy of the ordinance of the City of Port Arthur which disclosed that the "pass-through" provisions were actually repealed. We carried the motion along with the case and requested briefs from the parties.

The case is not moot as to the City of Port Arthur. We overrule defendant's motion to reverse the trial court's judgment granting their injunction, as it related to the City of Port Arthur.

The defendant has not suggested that the repeal of the "pass-through" cost adjustment clause is illegal. Consequently, in the absence of such a clause, the trial court will have no occasion to consider the validity thereof as to any rate adjustments attempted to be made after the repeal of the clause. As to Port Arthur, the only issue which will be determined by the trial court will be the validity of any attempted "pass-through" cost adjustments subsequent to October 31, 1975 and prior to the date of the repeal of the "pass-through" clause.

The temporary injunction which was granted and which we have affirmed does not prohibit the defendant from seeking an increased rate, or re-instatement of the "pass-through" clause in any forum having jurisdiction over the parties and the subject matter, whether the respective city councils, the courts, or the Railroad Commission; and, any such action shall not be deemed to be a violation of the injunction of the trial court.

AFFIRMED.