**LOWER COLORADO RIVER AUTHORITY, Petitioner,**

v.

**COASTAL STATES GAS PRODUCING COMPANY and Lo-Vaca Gathering Company, Respondents.**

No. B–6531.

Supreme Court of Texas.

May 4, 1977.

Rehearing Denied June 22, 1977.

Crain, Winters, Deaton, James & Briggs, James C. Winters, Michael J. Wood, David L. Griffis and David A. Kocian, Houston, William T. Moore, Bryan, Mac Umstatted, Austin, for petitioner.

Tracy N. Dubose, Houston, William R. Vance, Bryan, Fulbright & Jaworski, J. D. Giller, M. W. Parse, Jr., Russell H. McMains, Robert B. Dillon and Daniel K. Hedges, Houston, Lawrence, Thornton, Payne & Watson, John M. Lawrence, III, Bryan, Bracewell & Patterson, Joseph Jaworski and John H. Buck, Houston, for respondents.

PER CURIAM.

In this breach of contract action Lower Colorado River Authority has sought a refund from Coastal States Gas Producing Company of money paid, over and above the amount due under the terms of their contract, for natural gas delivered by Coastal to LCRA between September 1973 and May 1975. Payments at the increased rate were made in compliance with a September 27, 1973 interlocutory order of the Texas Railroad Commission in Gas Utilities Docket No. 500. Coastal filed a counterclaim, and Lo-Vaca Gathering Company intervened as a party defendant. The trial court rendered judgment for LCRA in the sum of $25,218,060.67 which represented the difference between the amount due under the contract and the amount actually paid by LCRA in accordance with the interlocutory order of the Railroad Commission ($26,741,701.67), less the amount due Coastal under its counterclaim ($1,523,641.00). The Court of Civil Appeals reversed, and rendered a take-nothing judgment against LCRA while affirming the award of $1,523,641.00 to Coastal. 544 S.W.2d 733. LCRA has filed an application for writ of error.

We refuse the writ, no reversible error. In so doing, we deem it appropriate to note that the Railroad Commission, in its interlocutory order, has specifically provided that the final disposition of Docket No. 500 will depend upon the Commission's determination of whether the higher rates without refund have been, and are, required by the public interest. The Railroad Commission entered a final order on April 12, 1976, but withdrew that order on July 10, 1976. It is the duty of the Commission now to proceed to enter its final order, which order will then be subject to review by the courts; and our disposition in the present case does not preclude the parties from asserting any contention, otherwise proper, that may be made on appeal from that order. See *High Plains Natural Gas Co. v. Railroad Commission*, 467 S.W.2d 532 (Tex.Civ.App.1971, writ ref'd n.r.e.); *International Paper Co. v. Federal Power Com'n*, 476 F.2d 121 (5th Cir. 1973).