CITY OF CORPUS CHRISTI et al., Petitioners,

v.

PUBLIC UTILITY COMMISSION et al., Respondents.

No. B–7136.

Supreme Court of Texas.

July 26, 1978.

McGinnis, Lochridge & Kilgore, B. D. St. Clair, Austin, for petitioners.

Dyer, Redford, Burnett, Wray & Woolsey, W. N. Woolsey, Corpus Christi, John L. Hill, Atty. Gen., Joe N. Pratt, Asst. Atty. Gen., Austin, for respondents.

PER CURIAM.

The Application for Writ of Error is refused, no reversible error.

This is an appeal from a temporary injunction issued by the trial court enjoining enforcement of an interim rate order promulgated by the Public Utilities Commission. The Court of Civil Appeals dissolved the injunction and dismissed the cause for want of jurisdiction. In so doing, the Court held that the Public Utilities Commission has the implied power to make interim orders; that an interim order need not be supported by a finding that it is required because of an "imminent peril to the public health, safety, or welfare;" that appeal will lie from final orders only. 555 S.W.2d 509. These holdings are in accord with our decision in the direct appeal of the final order in this same rate matter. *City of Corpus Christi, et al. v. Public Utility Commission, et al.,* 21 Tex.Sup.Ct.J. 376 (May 20, 1978) on rehearing, 21 Tex.Sup.Ct.J. 463 (July 8, 1978).

The Petitioner Cities in this Application seek to have the injunction against the interim order reinstated. Even if we were to agree with the contentions of the Cities it would be impossible to grant the relief sought because the interim order expired when the final order was issued. The cause is, therefore, moot. *Poole v. Giles,* 151 Tex. 224, 248 S.W.2d 464 (1952). Normally, upon a finding of mootness our practice is to dismiss the entire cause. *Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union,* 151 Tex. 239, 248 S.W.2d 460 (1952). See also, Rule 483, Texas Rules of Civil Procedure. When, however, dismissing the appeal or application, or refusing the application, would accomplish the same result, we have occasionally done so. *Boatright v. City of Mineral Wells,* 415 S.W.2d 901 (Tex.1967). Here, the judgment of the Court of Civil Appeals dismisses the cause and we will therefore refuse this Application with the notation "no reversible error."

GREENHILL, C. J., not sitting.