RAILROAD COMMISSION of Texas
et al., Appellants,

v.

AIR PRODUCTS AND CHEMICALS,
INC. et al., Appellees.

No. 13151.

Court of Civil Appeals of Texas,
Austin.

Jan. 30, 1980.

Rehearing Denied Feb. 27, 1980.

Mark White, Atty. Gen., J. Scott Wilson, Ronald G. Knight, Asst. Attys. Gen., Austin, for Railroad Commission.

Dan Moody, Jr., Graves, Dougherty, Hearon & Moody, Austin, for Amoco Gas Co.

John G. Tucker, Orgain, Bell & Tucker, Beaumont, for Air Products & Chemicals, Inc.

Robert J. King, Liddell, Sapp, Zivley & Brown, Houston, for Big Three Industries, Inc.

C. Nelson Jones, Anderson, Brown, Orn & Jones, Houston, for Champion Intern. Corp.

SHANNON, Justice.

This appeal was filed by appellants Railroad Commission of Texas and Amoco Gas Company seeking to vacate an order of the district court of Travis County temporarily enjoining the Railroad Commission from enforcing its order in Gas Utilities Docket No. 1702. Appellees are Big Three Industries, Inc., Air Products and Chemicals, Inc., and Champion International Corporation. A threshold problem in the appeal concerns the finality *vel non* of the Commission's order.

The genesis of the appeal is found in the application of Lo-Vaca Gathering Company, Docket No. 500, filed with the Railroad Commission of Texas petitioning the Commission to review and revise Lo-Vaca's contracts with its customers and to permit a gas cost adjustment in its contracts. Appellant Amoco Gas Company is one of Lo-Vaca's customers. Amoco operates a system of gas pipelines in Texas and sells natural gas, pursuant to separate fixed price gas sales contracts, to appellees Air Products and Chemicals, Inc., Big Three Industries, Inc., and Champion International Corporation.

Amoco intervened in Docket No. 500. By its intervention, Amoco sought Commission authority permitting it to flow-through to appellees whatever gas price increase that Amoco might be required to pay Lo-Vaca when, and if, the Commission ordered such price increases in Docket No. 500. In August, 1978, the Commission severed Amoco's intervention from Docket No. 500, and created Docket No. 1702.

After presentation of evidence and oral argument, the Commission signed an order in Docket No. 1702 on June 18, 1979. In that order the Commission directed *inter alia* that:

"(1) Amoco shall flow through to and collect from Customers, on a pro rata basis as set forth in Appendix A to this order, the increased natural gas costs, if any, to Amoco attributable to a Commission final order in Gas Utilities Docket 500, such flow through *to begin at the time such order may be entered in Gas*

*Utilities Docket 500  . . ."* (Emphasis added).

Appellees timely filed motions for rehearing with the Commission in Docket No. 1702. The Commission overruled the motions for rehearing and, thereafter, appellees filed administrative appeals from the Commission's order in Docket No. 1702 in the district court of Travis County. For purposes of this opinion it may be stated that the separate administrative appeals were consolidated by agreement into one appeal and appellant gas company intervened in the consolidated cause.

After appellees filed their administrative appeals from the Commission's order in Docket No. 1702, the Commission entered its order in Docket No. 500.

Upon application and after hearing, the district court signed an order temporarily enjoining the Commission from enforcing paragraph one of the order in Docket No. 1702. The stated purpose of the temporary injunction was to prohibit the collection of flow-through costs by appellant gas company from appellees pursuant to the June 18 order. The gas company and the Commission have perfected an appeal to this Court from the order of temporary injunction.

Appellants' point of error one is that the district court erred in assuming jurisdiction of the administrative appeal and in entering the temporary injunction because the Commission's order of June 18, 1979, was not a final and appealable order and appellees' attempted administrative appeals were ineffective to confer jurisdiction on the court. Appellants advised the district court of the problem of jurisdiction by formal pleas to the jurisdiction and motions to dismiss. After hearing, the district court overruled appellants' pleas and motions.

■ For a party to obtain judicial review of an administrative order, the order must be final and appealable. Tex.Rev.Civ.Stat. Ann. art. 6252–13a § 19 (Supp.1980). Section 19(a) of the statute reads in part, "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a *final decision* in

a contested case is entitled to judicial review under this Act." (Emphasis added). Section 19(b) provides further, "Proceedings for review are instituted by filing a petition within 30 days after the decision complained of is *final and appealable*." (Emphasis added). The requirement of finality in the Texas Act is not unusual in that many state statutes grant a right of appeal only from final orders. Even in states not having a specific statutory requirement of finality, the courts ordinarily hold that only final agency orders are reviewable. 2 Cooper, *State Administrative Law*, p. 588 (1965). Section 19 of the Texas Act codifies the pre-existing rule in Texas that only final administrative orders may be judicially reviewed. *Sun Oil Company v. Railroad Commission of Texas*, 158 Tex. 292, 311 S.W.2d 235 (1958); *Sproles Motor Freight Line v. Smith*, 130 S.W.2d 1087 (Tex.Civ. App.1939, writ ref'd).

█ A final administrative order is one that leaves nothing open for future disposition. "If a right is made contingent upon the occurrence of some future event, the order is not final." *Mahon v. Vandygriff*, 578 S.W.2d 144 (Tex.Civ.App.1979, writ ref'd n. r. e.); *City of Houston v. Turner*, 355 S.W.2d 263 (Tex.Civ.App.1962, no writ). " 'Final decision' means a decision which leaves nothing open to dispute. So long as matters remain open, unfinished or inconclusive, there is no final decision." *Allen v. Crane*, 257 S.W.2d 357 (Tex.Civ.App.1953, writ ref'd n. r. e.); *Walker Creek Homeowners Ass'n v. Texas Department of Health Resources*, 581 S.W.2d 196 (Tex.Civ. App.1979, no writ).

█ The order in Docket No. 1702 on its face shows that its efficacy is entirely contingent upon future action by the Commission in Docket No. 500. On June 18, 1979,

Amoco had no increased natural gas costs to flow-through to appellees. Amoco would have no such costs, unless and until, the Commission by order in Docket No. 500 permitted Lo-Vaca to increase the sale price of natural gas to its customers, including Amoco. As of June 18, 1979, it was conjectural when the Commission would enter an order in Docket No. 500 and what that order would provide once it was entered. The Commission's order in Docket No. 1702 was not final and appealable because Amoco's right to flow-through increased costs of natural gas to appellees was contingent upon future action by the Commission in another proceeding. *Mahon v. Vandygriff, supra; Allen v. Crane, supra.*[1]

Appellees suggest that this Court is without power to consider point of error one. Appellees rely upon the line of authority holding that an order overruling a plea to the jurisdiction is interlocutory and non-appealable. *Carpenter Body Works, Inc. v. McCulley*, 389 S.W.2d 331 (Tex.Civ.App. 1965, writ ref'd). Appellees further direct our attention to the rule that a non-appealable order denying a plea to the jurisdiction cannot be "tacked onto" an appealable interlocutory order such as a temporary injunction. *Witt v. Witt*, 205 S.W.2d 612 (Tex.Civ.App.1947, no writ). Appellees' position, under the circumstances of this case, is not meritorious.

█ Non-appealable interlocutory orders cannot be attacked in an appeal from an appealable interlocutory order, *except insofar as the question raised might affect the validity of the appealable order.* *Texas State Board of Examiners in Optometry v. Carp*, 162 Tex. 1, 343 S.W.2d 242 (1961); *State v. Cook United, Inc.*, 464 S.W.2d 105 (Tex.1971). It is plain that, in this appeal, the validity of the order of temporary in-

---

1. In its brief one appellee recognizes that the Commission's order in Docket No. 1702 remained "open, unfinished or inconclusive." The following is a quotation from the brief of Air Products and Chemical, Inc., responding to appellants' claim of error by the district court in admitting into evidence the Commission's order in Docket No. 500: "Because the order in GUD 1702 was not effective until the entry of the order in GUD 500, the admissibility of the order [GUD 500], to show that the GUD 1702 order was then *effective, is necessary before* there is a real controversy between the parties. Without the entry of the order in GUD 500, there would be no flow-through, and accordingly, no controversy between the parties in this case."

junction is affected by the lack of jurisdiction of the district court to enter the temporary order within the rule stated in *Carp.* Because the Commission's order is not final, appellees' consolidated administrative appeal is a nullity, and the district court is without jurisdiction to consider it. *Allen v. Crane, supra.* Being without power to consider the consolidated administrative appeal on the merits, the district court was likewise without jurisdiction to enter the temporary injunctive order arising from the void administrative appeal.

A final order by the Commission was a necessary predicate to file an administrative appeal to the district court. Because only the temporary injunctive order is before this Court in this appeal, this Court may not dismiss, at this time, appellees' consolidated administrative appeal. Nevertheless, this Court considers it appropriate to observe that appellees should take steps presently to procure from the Commission a final order in Docket No. 1702 and commence their administrative appeals from that order to the district court. See *Allen v. Crane, supra.*

The order of temporary injunction is vacated.