**RAILROAD COMMISSION OF TEXAS et al.**

v.

**CHAMPION INTERNATIONAL CORPORATION et al.**

No. 13227.

Court of Civil Appeals of Texas, Austin.

June 4, 1980.

Rehearing Denied June 25, 1980.

Mark White, Atty. Gen., J. Scott Wilson, Asst. Atty. Gen., Austin, for Railroad Commission.

Dan Moody, Jr., Graves, Dougherty, Hearon & Moody, Austin, for Amoco Gas Co.

Nelson Jones, Anderson, Brown, Orn & Jones, Houston, for Champion Intern. Corp.

William W. Ogden, Liddell, Sapp, Zivley, Brown & LaBoon, Houston, for Big Three Industries, Inc.

Paul W. Gertz, Orgain, Bell & Tucker, Beaumont, for Air Products & Chemicals, Inc.

SHANNON, Justice.

This is an appeal filed by appellants, Railroad Commission of Texas and Amoco Gas Company, seeking to vacate an order of the district court of Travis County temporarily enjoining the Commission from enforcing its order in Gas Utilities Docket No. 1702. Appellees are Champion International Corporation, Big Three Industries, Inc., and Air Products & Chemicals, Inc. This Court recently decided an appeal from a temporary injunction entered by the same district court and involving an administrative appeal filed by the same parties from the same Commission order, Docket No. 1702. *Railroad Commission v. Air Products & Chemicals, Inc.*, 594 S.W.2d 219 (Tex.Civ. App.1980, writ filed).

The problem in *Railroad Commission v. Air Products & Chemicals, Inc., supra*, concerned the finality of the Commission's order in Gas Utilities Docket No. 1702. In that order the Commission directed *inter alia* that:

"(1) Amoco shall flow through and collect from customers, on a pro rata basis as set forth in Appendix A to this order, the increased natural gas costs, if any, to Amoco attributable to a Commission final order in Gas Utilities Docket 500, such flow through *to begin at the time such order may be entered in Gas Utilities Docket 500 . . .*" (Emphasis added).

Reference is made to the opinion in *Railroad Commission v. Air Products & Chemicals, Inc., supra*, as it serves no useful purpose to repeat here that which is written there. This Court held in that appeal that the Commission's order in Docket No. 1702 was not final. Because the Commission's order was not final, the administrative appeal to district court was a nullity and the district court was without jurisdiction to consider the administrative appeal. Being without power to consider the administrative appeal, the district court was likewise without jurisdiction to enter the temporary injunction arising from the void administrative appeal. This Court vacated the temporary injunction. *Railroad Commission v. Air Products & Chemicals, Inc., supra.*

■ Appellees in the present appeal once again contend that the order of June 18 in Docket No. 1702 is final. Appellees' contention is not meritorious, and this Court adheres to its holding in the former opinion that the order of June 18 in Docket No. 1702 is not final.

With respect to the present appeal, appellees point out that the Commission entered its final order in Docket No. 500 on September 4, 1979. Appellees then filed their respective administrative appeals from the order in Docket No. 1702 in October and November, 1979. Appellees' theory in their second administrative appeal was that the order in Docket No. 1702 was made final and effective by entry by the Commission of its final order in Docket No. 500 on September 4, 1979. Appellees maintain that all impediments to the effectiveness of the order in Docket No. 1702 were removed by entry of the final order in Docket No. 500. The district court, by entry of temporary injunction, necessarily accepted appellees' thesis.

Appellees' argument is not sound and the district court erred in entering the temporary injunction. Contrary to appellees' claim, entry by the Commission of a final order in Docket No. 500 did not, and cannot, somehow metamorphose the order of June 18 in Docket No. 1702 into a final order. Instead, entry of a final order in Docket No. 500 rendered conditions ripe for the Commission to proceed to enter a final order in Docket No. 1702.

As observed by this Court in *Railroad Commission v. Air Products & Chemicals,*

*Inc., supra,* and by Justice Pope writing for the San Antonio Court of Civil Appeals in *Allen v. Crane,* 257 S.W.2d 357 (Tex.Civ. App.1953, writ ref'd n. r. e.), appellees should move the Commission to enter a final order in Docket No. 1702, and once the final order is entered, appellees then should commence their administrative appeals from that order to the district court of Travis County.

Upon application by appellees, the Commission's duty is to enter a final order in Docket No. 1702. Should the Commission refuse to act, appellees' remedy is by mandamus to compel the Commission to enter the order. See *Cathey & Carrell v. Terrell,* 121 Tex. 130, 45 S.W.2d 956 (1932); *Box v. Newsom,* 43 S.W.2d 981 (Tex.Civ. App.1931, no writ); Tex.Rev.Civ.Stat.Ann. arts. 1733, 1735 (1962).

The order of temporary injunction is vacated.

Temporary injunction vacated.

PHILLIPS, C. J., not sitting.