**BIG THREE INDUSTRIES,
INC., Petitioner,**

v.

**RAILROAD COMMISSION OF TEXAS
et al., Respondents.**

No. B–9651.

Supreme Court of Texas.

April 29, 1981.

Rehearing Denied July 8, 1981.

Anderson, Brown, Orn & Jones, Nelson Jones, Liddell, Sapp, Zivley, Brown & La-Boon, Robert J. King and William W. Ogden, Houston, Thomas Ausley, Austin, Orgain, Bell & Tucker, John G. Tucker, Paul W. Gertz and D. Allen Jones, Beaumont, for petitioner.

Mark White, Atty. Gen., and J. Scott Wilson, Asst. Atty. Gen., Austin, Clyde A. Mote, Houston, Graves, Dougherty, Hearon & Moody, Dan Moody, Jr., Austin, for respondents.

CAMPBELL, Justice.

Big Three Industries sought a temporary injunction to enjoin enforcement of a Railroad Commission order allowing Amoco Gas Company to pass through its increased costs on gas obtained from Lo-Vaca Gathering Company. The trial court granted the temporary injunction. The Court of Civil Appeals reversed and vacated the temporary injunction. 601 S.W.2d 186. We reverse the judgment of the Court of Civil Appeals.[1]

Big Three Industries, Inc. has a fixed price gas sales contract with Amoco Gas Company. Amoco buys part of the gas sold to Big Three from Lo-Vaca Gathering Company and its successors. Lo-Vaca filed a petition with the Railroad Commission of Texas seeking review and revision of Lo-Vaca's contracts with its customers and permission for gas cost adjustment in those contracts. The case between Lo-Vaca and its customers is known as Gas Utilities Docket No. 500.[2]

Amoco intervened in Docket 500 seeking to flow-through to Amoco customers the increase in gas prices that it would have to pay Lo-Vaca upon entry of a final order in Docket No. 500. On August 7, 1978, the Railroad Commission severed from Docket 500 the question of Amoco's flow-through of costs to its customers. Amoco's flow-through to Big Three was later considered in Gas Utilities Docket No. 1702.

The Railroad Commission order of June 18, 1979 in Docket 1702 provides:

ACCORDINGLY, IT IS ORDERED by the Railroad Commission of Texas that: (1) Amoco shall flow through to and collect from customers, on a pro rata basis as set forth in Appendix A to this order, the increased natural gas costs, if any, to Amoco attributable to a Commission final order in Gas Utilities Docket 500, such flow-through to begin at the time such order may be entered in Gas Utilities Docket 500 . . .

Big Three Industries filed a motion for rehearing with the Railroad Commission in Docket 1702. The Railroad Commission overruled the motion and the first administrative appeal was filed in the district court of Travis County on August 20.

On September 4, a final order of the Railroad Commission in Docket 500 allowed Lo-Vaca to flow-through its increased costs to Amoco. The order in Docket 500 provides, inter alia:

---

1. Air Products and Chemicals, Inc. and Champion International, Inc. were parties to this lawsuit. Both filed applications for writ of error and then settled with Amoco. Their applications for writ of error were dismissed.

2. The term "docket" is a contested case under the Administrative Procedure Act. Article 6252–13a, Section 3(2).

8. That each customer of Lo-Vaca which purchases natural gas for resale from Lo-Vaca (Lo-Vaca Gas) at the rate established by this Final Order (Resale Customer), or any amended or modified version thereof, is and shall be entitled to, and shall flow-through, charge, collect and retain on a pro rata basis OR OTHER BASIS AS THE COMMISSION MAY IN THE FUTURE DIRECT ... without liability on the part of such Resale Customer to its Secondary Lo-Vaca Customers to refund or in effect to refund (by offset against future collections or retentions or otherwise), TO THE EXTENT AND BY THE METHOD NOW OR HEREINAFTER REQUIRED OR PERMITTED BY COMMISSION ACTION OR CONTRACTUAL PROVISION THE INCREASED COSTS ATTRIBUTABLE TO THIS ORDER. (emphasis in the original.)

On September 4, Big Three was granted a temporary restraining order preventing the flow-through in Docket 1702. On October 4, the Travis County district court temporarily enjoined enforcement of the flow-through in Docket 1702. The Court of Civil Appeals on January 30, 1980, held that the June 18 order in Docket 1702 was not a final order and vacated the temporary injunction. *Railroad Commission v. Air Products and Chemicals, Inc.*, 594 S.W.2d 219 (Tex.Civ.App.—Austin 1980, writ ref'd n.r. e.). That court held the order was not final because the order in Docket 1702 was contingent on future action in Docket 500. A final order was entered in Docket 500 after this appeal commenced. The Court of Civil Appeals suggested that Big Three seek a final order in Docket 1702.

After the Court of Civil Appeals' opinion in the first appeal, Big Three filed additional motions for rehearing and motions for the entry of a final order in Docket 1702 in February 1980. The Railroad Commission took no action and the motions were overruled by operation of law. Art. 6252–13a, Section 16(e).

Big Three filed this motion for rehearing in Docket 1702 nine days after the final order in Docket 500. Big Three requested the Railroad Commission to reconsider its action in Docket 1702 because of the final order in Docket 500. The Railroad Commission took no action and the motion for rehearing was overruled by operation of law on October 29, 1979. This second administrative appeal in Docket 1702 is the appeal before this Court.

On February 20, 1980, Big Three was granted a temporary injunction in the second appeal enjoining the flow-through by Amoco of the gas price increases by Lo-Vaca. Amoco and the Railroad Commission again appealed. The Court of Civil Appeals vacated the temporary injunction, holding the June 18, 1979 order in Docket 1702 is not a final order, and that it did not become final by entry of the final order in Docket 500. 601 S.W.2d 186. The court suggested that Big Three's remedy is by mandamus if the Railroad Commission refuses to enter a final order in Docket 1702.

Big Three filed no further motions with the Railroad Commission, but filed a motion for rehearing in the Court of Civil Appeals. Big Three also filed a Motion for Leave to File Petition for Writ of Mandamus to compel the Railroad Commission to enter a final order in Docket 1702. The motions were denied.

Big Three has not attempted an administrative appeal from the final order in Docket 500. The Railroad Commission and Amoco contend that Big Three should be appealing the final order in Docket 500, and not Docket 1702.

The Railroad Commission order severing Docket 1702 from Docket 500 provides:

7. That the issues raised during this proceeding relating to the flow-through of costs incurred pursuant to this order from Lone Star Gas Co. to Charter International Oil Co., Inc., and from AMOCO Gas Company to its customers Champion International, Inc., Big Three Industries, Inc., Air Products and Chemicals, Inc., Mobay Chemical Corp., Gulf Oil Corp., and Upjohn Co. are hereby severed from the disposition of this docket on final

order, without prejudice to the position of the Commission, the parties affected, or any other party to this or any other docket or proceeding. (emphasis in the original.)

Amoco and the Railroad Commission contend this order severs only the issue of the pass-through from Amoco to Big Three, and Big Three and Amoco are still parties to Docket 500 because Big Three continued to monitor the Docket 500 proceedings. Amoco and the Railroad Commission also contend Big Three is actually complaining of Docket 500 because it provides for the flow-through to them of increased natural gas costs. Finally, they argue that under existing case law, the proper order to appeal is the last and final order of the administrative agency. Thus, they appear to be arguing that the parties and issues were not severed from Docket 500.[3]

In dealing with Docket 500, the Railroad Commission has "severed" various issues and parties into separate dockets. The Railroad Commission has no express rules on severance of issues or dockets. There is nothing in the Administrative Procedure Act governing severance.

In civil cases, either a separate trial of issues or a severance of causes may be ordered. With a separate trial of issues, there is only an interlocutory order determining claims or issues. All claims or issues are finally resolved with the entry of one final judgment. When there is a severance of causes, the lawsuit is divided into two or more independent causes, each of which terminates in a separate, final and enforceable judgment. *Kansas University Endowment Association v. King*, 162 Tex. 599, 350 S.W.2d 11 (1961).

■ We hold the Commission intended to sever Docket 1702 from Docket 500 to create separate dockets because:

(1) The final order in Docket 500 was not made contingent upon the resolution

of Docket 1702 in the original order of severance, or at any later time.

(2) An Amoco motion for consolidation of Dockets 1702 and 500 was denied by the Railroad Commission. The order stated:

The issues to be dealt with in Docket 1702 involve relationships between Amoco Gas Company and its fixed price customers. The central issues in Gas Utilities Docket 500 which are of importance to Amoco Gas Company deal with the Company's relationship with Lo-Vaca Gathering Company and its affiliates and are not the same issues involved in this proceeding even though in some cases, common fact situations may be involved.

(3) The Railroad Commission prevented Lo-Vaca Gathering Company from intervening in Docket 1702. The Commission stated "no issue involving the relationship between Lo-Vaca Gathering Company and Amoco Gas Company will be considered in Gas Utilities Docket No. 1702."

(4) The Commission has not consolidated Dockets 500 and 1702.

Amoco and the Railroad Commission contend there is no final order to appeal in Docket 1702. They argue the final order in Docket 500 cannot transform the non-final order in Docket 1702 into a final order. They contend the June 18, 1979 order in Docket 1702 always has been and always will be a non-appealable interim order.

■ There are at least two kinds of non-final administrative orders. The first are interim orders, which by their terms, are to be superseded by a final order. These interim orders are not appealable. *City of Corpus Christi v. Public Utility Commission*, 572 S.W.2d 290 (Tex.1978); *City of Corpus Christi v. Public Utility Commission*, 569 S.W.2d 494 (Tex.1978); *Lower Colorado*

---

**3.** In the hearing before the trial court on the temporary injunction in this second appeal, the trial court stated:

Well it seems to me that what you are saying is that the Commission can sever this issue

out of 500 and set up a separate docket, and then somehow make it impossible to appeal the order that arises out of that docket.

*River Authority v. Coastal States Gas Producing Co.,* 551 S.W.2d 340 (Tex.1977). These cases involve interlocutory orders intended to be effective only until the final order. The Railroad Commission and Amoco contend the June 18 order is interlocutory.

█ Big Three argues the Railroad Commission has determined all issues in Docket 1702 and that the only issue to be determined after the June 18 order was the increased cost Lo-Vaca was to pass through to Amoco. We agree with Big Three. The June 18 order in Docket 1702 does not recite that any further action will be taken, does not make provisions for refunds pending further action, and does not recite that it is either an interlocutory or interim order. The orders in the *Corpus Christi* and *Lower Colorado River Authority* cases stated in many places that they were "interim," "pending final decision" or "interlocutory." This distinguishes the June 18 order from those orders.

The second group of administrative orders is expressly subject to, conditioned upon or contingent upon resolution of another matter. *Mahon v. Vandygriff,* 578 S.W.2d 144 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.); *Walker Creek Homeowners Association of Ellis County v. Texas Department of Health Resources,* 581 S.W.2d 196 (Tex.Civ.App.—Austin 1979, no writ). In *Walker Creek,* the agency order granting a permit for operation of a sanitary landfill specified that it did not become operational until one of the parties submitted further plans with that department and those were approved. The Court of Civil Appeals held that this was more than a mere "self-reporting requirement" and the order was not yet final.

In *Mahon v. Vandygriff,* five savings and loan associations applied to the Savings and Loan Commission to reorganize and merge. The Commissioner approved the merger conditioned upon receipt of a ruling from the Internal Revenue Service and receipt of a resolution from the Federal Home Loan Bank Board. The Court of Civil Appeals held the order was not final because it was contingent upon favorable action by the two federal agencies. However, the *Mahon* case is different from the present case because a subsequent order was issued by the Savings and Loan Commission stating that the conditions had been met, incorporating the prior order by reference, and stating that the merger was effective the following day. The real issue in *Mahon* was the prerequisites for the appeal. The only motion for rehearing was to the first and non-final order. No motion was filed to the second order. The Court of Civil Appeals held an appeal did not lie because there was no timely motion for rehearing.

In the first appeal of this case, the Court of Civil Appeals followed *Mahon* and *Walker Creek.* It held that the order in Docket 1702 was not final and appealable because it was contingent on future action in Docket 500. *Railroad Commission v. Air Products and Chemicals, Inc.,* 594 S.W.2d 219 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.). Unlike *Mahon,* the Railroad Commission entered no further order in Docket 1702.

Big Three followed the holding of *Mahon* and filed a motion for rehearing in Docket 1702 after the entry of the final order in Docket 500. It requested the Railroad Commission to reconsider the June 18 order in Docket 1702 as affected by the final order in Docket 500. The Railroad Commission took no action, the motion was overruled as a matter of law after 45 days, and Big Three appealed to the district court of Travis County.

The June 18 order in Docket 1702 is regular and final on its face other than being contingent on action in Docket 500. The order conforms with the Administrative Procedure Act, Article 6252–13a, Section 16 format for final orders.[4] The Railroad

---

4. One of Big Three's theories on the merits in this appeal is that the Railroad Commission order does not in fact comply with the statutory format because various findings of fact are not supported by evidence in the record. As this is an interlocutory appeal involving a temporary injunction, we express no opinion on the merits of the substantive content of the

Commission argues that it should be allowed to enter subsequent orders in Docket 1702. It has entered no orders since overruling the motions for rehearing to the June 18 order. Big Three has filed at least two motions for rehearing and a motion for entry of a final order since then.

The Court of Civil Appeals held the entry of an order in Docket 500 cannot transform a non-final order in Docket 1702 into a final order. We disagree. Parties must be able to determine with reasonable certainty when an administrative proceeding becomes ripe for judicial review. We hold the June 18 order in Docket 1702, by its own terms, became final with the September 4 order in Docket 500.

■ This appeal is from the granting of a temporary injunction by the trial court. We must determine if the trial court abused its discretion in granting the injunction. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978). Big Three must demonstrate that it is entitled to preservation of the status quo of the subject matter of the suit pending trial on the merits. The status quo is the last actual, peaceable, noncontested status which preceded the pending controversy— or the status as it existed prior to the entry of the order by the Railroad Commission. *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549 (1953).

Big Three argues that the Commission's June 18 order in Docket 1702 repudiates the standards set in *High Plains Natural Gas Co. v. Railroad Commission*, 467 S.W.2d 532 (Tex.Civ.App.—Austin 1971, writ ref'd n. r. e.). Conclusion of Law 4 in the Commission's order states that its powers with respect to contract rates between parties under Article 6054 were "described, but not limited" in several cases including *High Plains, supra; Houston Lighting & Power Company v. Railroad Commission*, 529 S.W.2d 763 (Tex.1975); and *Railroad Commission v. City of Austin*, 524 S.W.2d 262 (Tex.1975).

Big Three contends it is entitled to the temporary injunction because:

order; we only note that the order is in writing, contains separately stated findings of fact and

(1) All notices and orders in Docket 1702 prior to the June 18 order stated the purpose of Docket 1702 was to determine if the *High Plains* test was met;

(2) The June 18 order violates the Administrative Procedure Act because:

(a) findings of fact were in conclusory terms;

(b) the findings of fact set forth in statutory language were not accompanied by a statement of the underlying facts supporting the finding; and

(c) matters outside of the record were "noticed" by the Commission without following the statutory procedure.

(3) The June 18 order is defective because it is based on matters outside of the record in Docket 1702—specifically on matters of record in Docket 500;

(4) The June 18 order in Docket 1702 is not supported by substantial evidence;

(5) Finding of Fact 4 is incorrect because it states that Amoco is "required" to purchase gas from Lo-Vaca when it can buy gas from anyone but must pay above its contract price for gas bought from Lo-Vaca;

(6) Big Three could be required to pay up to $8,640 per day ($3,124,000 per year) above its contract price for gas under the Commission's orders;

(7) Amoco Gas Company was operating at a loss prior to the June 18 order in Docket 1702;

(8) Amoco may be unable to respond in damages or a refund if the order in Docket 1702 is overturned, leaving Big Three with no adequate remedy at law;

(9) The injunction would not impose a greater hardship on Amoco than on Big Three. Eighty-two percent of

conclusions of law, and is not expressly interlocutory.

Amoco customers have contracts which determine price according to Amoco's costs. Big Three alleges that under the Commission's order in Docket 1702, the fixed price customers will pay 97% of the actual increased cost to Amoco for Lo-Vaca gas;

(10) The Commission's calculations of Amoco's increased costs of Lo-Vaca gas are contested by Big Three.

Temporary injunctive relief has been granted in economic regulation cases, even though the injury to be incurred was financial. *Glen Oaks Utilities, Inc. v. City of Houston,* 161 Tex. 417, 340 S.W.2d 783 (1960); *Southern Union Gas Co. v. City of Port Neches,* 544 S.W.2d 176 (Tex.Civ.App —Beaumont 1976, no writ).

Without intruding on the merits of the underlying cause of action, it appears there is some basis for the trial court's judgment. We hold the trial court did not abuse its discretion in granting the temporary injunction.

The judgment of the Court of Civil Appeals is reversed, the temporary injunction is reinstated, and the cause is remanded to the trial court for consideration of the merits.

BARROW, J., concurs in the result of this opinion.

## ON MOTION FOR REHEARING

Amoco Gas Company and the Railroad Commission have filed separate motions for rehearing.

The motions primarily concern consideration by the trial court of the final (September 4, 1979) order in Docket 500. The final written order in Docket 500 was not physically made a part of the record in Docket 1702 before the Commission. The Railroad Commission objected to the introduction of the order at the hearing on the temporary injunction insisting the order should have been introduced at the agency level.

■ Section 16(a) of the Administrative Procedure Act requires that a final decision be in writing *or* stated in the record. When, as here, the review is on the agency record, Section 19(d)(1) requires the agency to transmit the entire record (unless shortened by agreement) to the district court.

The Commission does not contest the existence of a final order in Docket 500; it only asserts the order is not part of the record and is inadmissible in the trial court. The Commission specifically incorporated the final order in Docket 500 into the record in Docket 1702 by its June 18 order. However, it did not physically place the Docket 500 order in the record. The Commission cannot defeat appellate review by failing to include the final order or any other order properly a part of the record.

■ Amoco argues that Big Three's first attempt to appeal the June 18, 1979 order in Docket 1702 deprived the Railroad Commission of jurisdiction to enter any further orders affecting Docket 1702. Thus, it argues we should remand this case to the Commission to enter a final order. An untimely appeal of an interlocutory order cannot deprive the Commission of jurisdiction. *Railroad Commission v. Continental Bus System, Inc.,* 616 S.W.2d 179 (Tex.1981).

The motions for rehearing are overruled. No further motions for rehearing will be entertained.