Alister B. MAHON, Appellant,

v.

L. Alvis VANDYGRIFF, Savings and Loan Commissioner, et al., Appellees.

No. 12905.

Court of Civil Appeals of Texas, Austin.

Jan. 10, 1979.

Rehearing Denied March 21, 1979.

---

Jon Mercer, Houston, for appellant.

John L. Hill, Atty. Gen., Catherine A. Brown, Asst. Atty. Gen., Austin, for L. Alvis Vandygriff, Savings and Loan Commissioner.

Larry Temple, Austin, for United Savings Association of Texas.

SHANNON, Justice.

The opinion of this Court filed on January 10, 1979, is withdrawn, and the following opinion replaces it.

Alister B. Mahon appeals from the order of the district court of Travis County dismissing for want of jurisdiction his administrative appeal of an order of the Savings and Loan Commissioner. The basis for dismissal was that Mahon failed to file a motion for rehearing within fifteen days after the entry of the Commissioner's final order. During the administrative process the Commissioner entered three orders. The determination of which of the orders was final is the controlling issue in this appeal. Tex. Rev.Civ.Stat.Ann. art. 6252–13a, § 16(e) (Supp.1978).

Five savings and loan associations applied to the Commissioner to reorganize and merge pursuant to Tex.Rev.Civ.Stat.Ann. art. 852a, § 10.03 (Supp.1978). The Commissioner conducted a hearing at which Mahon, a stockholder of one of the associations, participated and opposed the merger.

On November 17, 1977, the Commissioner entered an order approving the merger conditioned upon (1) the receipt of a ruling from the Internal Revenue Service and (2) the receipt of a resolution from the Federal Home Loan Bank Board. Mahon filed a motion for rehearing to that order on December 2, 1977. The Commissioner overruled that motion on December 21, 1977.

Two existing savings and loan associations filed protests on November 22, 1977, to the Commissioner's order of November 17. The protests were withdrawn later. The basis for the protests, as pleaded by the Commissioner, was that the merger would materially constrict the association's ability to compete within the vicinity.

On December 13, 1977, the Commissioner entered a second order which incorporated the November 17 order and recited the filing and subsequent withdrawal of the two protests by the two associations. The December 13 order concluded that ". . . the Commissioner acknowledges and declares that his said November 17, 1977, Order incorporated herein by reference is now final." Mahon filed no motion for rehearing to that order.

On December 30, 1977, the Commissioner signed the third and last order in the proceeding. That order recited and incorporated by reference both the November 17 and the December 13 orders. The December 30 order stated that the conditions set out in the November 17 order had been met and therefore the merger was effective as of December 31, 1977. Mahon filed no motion for rehearing to the December 30 order.

Mahon filed his administrative appeal in district court on January 18, 1978. In his original petition Mahon pleaded that

he sought ". . . review of that certain Final Order entered by the Commissioner on December 30, 1977." The Commissioner and the savings and loan associations filed special exceptions to the original petition upon the basis that the petition did not show that Mahon had filed a motion for rehearing to the December 30, 1977, order.[1] The district court sustained the exceptions and permitted Mahon to replead.

Mahon filed his first amended original petition on March 27, 1978, ". . . for the review of that certain Order entered by the Commissioner on November 17, 1977." The district court sustained special exceptions to that petition in that it did not reflect that the November 17 order was an appealable order and, even if it were appealable, that the petition was filed more than thirty days from the date it became final and appealable.

Finally, Mahon filed a second amended original petition, in which he recited the administrative steps leading to his filing of the original petition in district court. The parties again filed special exceptions which questioned the jurisdiction of the district court to entertain the administrative appeal. The district court sustained the exceptions and entered an order dismissing the administrative appeal for want of jurisdiction. We will affirm the order of the district court.

In defense of the order of dismissal, the Commissioner and the savings and loan associations rely upon the Administrative Procedure and Texas Register Act, Tex.Rev. Civ.Stat.Ann. art. 6252–13a (Supp.1978). The pertinent provisions of that act relating to appeals from administrative orders are set out below:

"Sec. 16(c) A decision is final, in the absence of a timely motion for rehearing

. . .

\*   \*   \*   \*   \*   \*

"(e) Except as provided in Subsection (c) of this section [not applicable], a *motion for rehearing is a prerequisite to an ap-*

---

1. The preferable method to question jurisdiction is by plea to the jurisdiction rather than by special exception. Appellant made no complaint of the use of special exceptions.

*peal.* A motion for rehearing must be filed within 15 days after the date of rendition of a final decision or order . . . ." (Emphasis added)

■ The legislature could hardly express more positively its intention that the filing of a motion for rehearing is required in order to perfect an administrative appeal to district court. The cases so hold. *Texas State Board of Pharmacy v. Kittman,* 550 S.W.2d 104 (Tex.Civ.App.1977, no writ); *Hurlbut v. State Board of Insurance,* 555 S.W.2d 180 (Tex.Civ.App.1977, no writ); *Tex. Alcoholic Bev. Commission v. Lancaster,* 563 S.W.2d 380 (Tex.Civ.App.1978, no writ).

Mahon argues that he complied with § 16(e) by filing a motion for rehearing to the November 17 order. The Commissioner and the savings and loan associations respond that it was immaterial that a motion for rehearing was filed to the November 17 order, because the November 17 order was not a final order. The final order, say the Commissioner and the savings and loan associations, was the December 30 order to which Mahon never filed a motion for rehearing.

■ For an administrative order to be final, there must be nothing left open for future disposition. If a right is made contingent upon the occurrence of some future event, the order is not final. *City of Houston v. Turner,* 355 S.W.2d 263 (Tex.Civ.App. 1962, no writ); *Allen v. Crane,* 257 S.W.2d 357 (Tex.Civ.App.1953, writ ref'd n. r. e.); *Payne v. Texas Water Quality Board,* 483 S.W.2d 63 (Tex.Civ.App.1972, no writ). See also, *Moody v. Texas Water Commission,* 373 S.W.2d 793, 797 (Tex.Civ.App.1963, writ ref'd n. r. e.).

■ The Commissioner approved in the November 17 order the application for reorganization and merger of the savings and loan associations subject to receipt of (1) a ruling from the Internal Revenue Service that the reorganization and merger constituted a "tax free reorganization" and (2) a resolution from the Federal Home Loan Bank Board approving insurance of accounts in the newly merged savings and loan association. Until these requirements were met, there could be no merger. Had not those conditions been met, the November 17 order would have been ineffective. Because approval by the Commissioner of the merger in the November 17 order was contingent upon favorable action by two federal agencies, the November 17 order was not final.

■ The November 17 order was not final for yet another reason found in the provisions of the Savings and Loan Act. Texas Rev.Civ.Stat.Ann. art. 852a, § 10.03 provides that the Commissioner's order approving the merger of associations *shall become final ten days after the same is delivered* ". . . *unless an association* within the vicinity of the . . . *merging* . . . associations *shall* within such time *request a public hearing* before the Commissioner in regard to such order, objecting to such order on the basis that the . . . merger . . . would materially constrict the ability of the objecting association to compete in its vicinity." (Emphasis added) Two associations filed protests on November 22 to the Commissioner's order of merger and requested a public hearing. The protests and requests for hearing were withdrawn later. The November 17 order could not have become final until after the protests were disposed of or withdrawn.

■ The December 30 order recited ". . . that *all conditions* of the merger approved by the Commissioner's November 17, 1977, Order *have now been met* and [the Commissioner] further declares that at the close of business on December 31, 1977 . . . [the associations] shall be and are reorganized and merged into one surviving association . . . ." (Emphasis added)

The December 30 order left nothing open for disposition. The conditions of the Commissioner's approval, set out in the November 17 order, had occurred. It was only with the entry of the December 30 order that the Commissioner finally and completely disposed of the application before him. The December 30 order was the only final order entered by the Commissioner.

To have appealed that order, Mahon must have filed his motion for rehearing with the Commissioner ". . . within 15 days after the date of rendition of a final decision or order . . ." which he failed to do.

The judgment is affirmed.