**TEXAS–NEW MEXICO POWER COMPANY, Appellant,**

v.

**TEXAS INDUSTRIAL ENERGY CONSUMERS, et al., Appellees.**

No. 3–89–138–CV.

Court of Appeals of Texas, Austin.

March 7, 1990.

Rehearing Overruled May 2, 1990.

Phyllis B. Schunck, Wood, Lucksinger & Epstein, Austin, for appellant.

Alton J. Hall, Jr., Mayor, Day & Caldwell, Houston, for Texas Industrial Energy Consumers, et al.

Louis S. Zimmerman, Fulbright & Jaworski, Austin, for CoGen Lyondell, Inc. and CoGen Lynchberg, Inc.

Before SHANNON, C.J., and GAMMAGE and JONES, JJ.

SHANNON, Chief Justice.

Appellant Texas–New Mexico Power Company seeks to set aside an order of the district court of Travis County.[1] By its order, the district court dismissed an administrative appeal of an order of the Public Utility Commission for want of jurisdiction. The basis for the dismissal was that the agency order was not final. This Court will affirm the district court's dismissal order.

---

1. Appellees are CoGen Lyondell, Inc.; CoGen Lynchberg, Inc.; and Texas Industrial Energy Consumers.

After hearing, the Public Utility Commission signed an order approving appellant's application for a certificate of convenience and necessity to construct and operate a four-unit electric power generating plant in Robertson County. Appellant's proof was that its plant would consist of four generating units to be built sequentially.

The Commission signed its order approving appellant's application in August 1987. The part of the order, here pertinent, is as follows:

1. The application filed by Texas–New Mexico Power Company (TNP) for certification of four units of an electric generation station in Robertson County, Texas is APPROVED *as conditioned* in Paragraph No. 2 below.

2. TNP's certificate is *conditional* upon: (1) the execution of a change order between TNP and the consortium as provided in Article 8 of TNP Ex. 18, providing design changes to allow for the use of western coal as a fuel in the Robertson facility; and (2) the receipt by TNP or the consortium of all necessary permits from other state and federal agencies necessary for the construction and operation of the Robertson facility. TNP shall file notice with the Commission's general counsel of its compliance with the conditions stated above. (Emphasis supplied.)

Appellees claimed that because the Commission's order was not final, the district court had no jurisdiction to consider the administrative appeal. The district court agreed and signed the dismissal order, the relevant part of which is as follows:

The Court concludes that the order lacks the "finality" necessary to make it operative, and it is not susceptible to judicial review. Consequently, [the cause] remains pending in the Public Utility Commission.

It is ORDERED that the cause be and hereby is dismissed for want of subject-matter jurisdiction.

In defense of the dismissal order, appellees argue *inter alia* that paragraphs one and two establish that the order approving appellant's application for a certificate was conditional, and hence, not final. This Court agrees.

■ In general, an administrative order is not final if rights conferred therein are made contingent upon the occurrence of some future event. *Mahon v. Vandygriff,* 578 S.W.2d 144 (Tex.Civ.App.1979, writ ref'd n.r.e.); *City of Houston v. Turner,* 355 S.W.2d 263 (Tex.Civ.App.1962, no writ).

The administrative order here considered is similar to that involved in *Mahon.* In *Mahon,* the Savings and Loan Commissioner signed an order approving the merger of five savings and loan associations conditioned upon (1) the receipt of a ruling from the Internal Revenue Service, and (2) the receipt of a resolution from the Federal Home Loan Bank Board. *Mahon,* 578 S.W.2d at 147.

In *Mahon,* this Court wrote in that regard:

Until these requirements were met, there could be no merger. Had not those conditions been met, the [order] would have been ineffective. Because approval by the Commissioner of the merger in the [order] was contingent upon favorable action by two federal agencies, the [order] was not final.

*Id.*

■ In the present appeal, the Public Utility Commission approved appellant's application for a certificate of convenience and necessity conditioned upon receipt by appellant "of all necessary permits from other state and federal agencies necessary for the construction and operation of the Robertson facility." Until appellant had obtained all permits from other state and federal agencies necessary for the construction and operation of the Robertson County facility, appellant would not possess a valid certificate of convenience and necessity. At the date of the Commission's order, the necessary permits from the other agencies were not in existence and there was no way to know when, and if, appellant would succeed in obtaining the approval of those agencies. Presumably, when

appellant obtains approval of the other agencies, the Commission will then have to determine whether those permits have terms and conditions that are adequate for the plant and will permit it to be operated in the manner represented. Because approval by the Commission of the certificate of convenience and necessity in the order was conditioned upon favorable action by other state and federal agencies, the order was not final. *See Browning–Ferris, Inc. v. Brazoria County,* 742 S.W.2d 43, 53 (Tex.App.1987, no writ).[2]

By a second point of error, appellant urges that the district court erred in failing to file findings of fact and conclusions of law relating to the dismissal order. Appellant claims harm by the court's failure in that appellant was hampered in the preparation of its appeal by not knowing the basis for the dismissal order. The point of error is overruled.

■ Although requested, the trial court need not file findings of fact and conclusions of law following rendition of judgment in an administrative appeal. *Galveston Bay Cons. and Pres. Ass'n v. Texas Air Control Board,* 586 S.W.2d 634 (Tex. Civ.App.1979, writ ref'd n.r.e.); *Railroad Com'n v. Ennis Transp. Co.,* 695 S.W.2d 706 (Tex.App.1985, writ ref'd n.r.e.).

■ Moreover, if the failure of the district court to file findings and conclusions were error, such error did not prevent appellant from making a proper presentation of the cause to this Court. Tex.R.App.P. Ann. 81(b)(1) (Pamp.1989). The district court's order identified the vice in the agency order as lack of finality and, for that reason, the court dismissed the administrative appeal for want of jurisdiction. The agency order is set out in two short pages comprised of seven paragraphs. Upon examination of the order, counsel should have had no difficulty in identifying the problem paragraphs. In any event, in this Court appellant had the opportunity to and did defend the agency order from all claims of lack of finality.

The order dismissing the administrative appeal for want of jurisdiction is affirmed.

GAMMAGE, J., not participating.

---

2. The Commission's order approving the certificate was further conditioned upon the execution of a change order between appellant and the consortium providing certain design changes to permit use of western coal as a fuel in the Robertson County facility.