TU&PUC 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00240-CV







Texas Utilities Electric Company and Public Utility 

Commission of Texas, Appellants



v.


Public Citizen, Inc.; Texas Citizen Action, Inc.; Office of Public Utility Counsel; and
Environmental Defense Fund, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 92-04424, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING








 Appellant Texas Utilities Electric Company (the "Utility") filed notice of intent
("NOI") applications to build new generating plants which appellant Public Utility Commission
of Texas (the "Commission") preliminarily approved. Appellees Public Citizen, Inc., Texas
Citizen Action, Inc., Environmental Defense Fund, and the Office of Public Utility Counsel
(collectively, the "Protestants") filed suit for judicial review of the Commission's order. The
district court, after concluding it had jurisdiction, reversed the Commission's order, holding that
the Commission had not properly applied its own rule. The Commission and the Utility appeal
the district court's judgment. We will reverse the district court's judgment.



BACKGROUND AND PROCEDURAL HISTORY


 The Public Utility Regulatory Act ("PURA"), Tex. Rev. Civ. Stat. Ann. art. 1446c
(West Supp. 1995), requires that each public utility obtain a certificate of convenience and
necessity ("CCN") before rendering service to the public. PURA was amended in 1983 to require
utilities applying for a CCN to first file an NOI application. The Commission's NOI rule,
discussed in the following section, was promulgated to specifically address and define the NOI
application process. See 16 Tex. Admin. Code § 23.31(h) (1994).

 The Utility filed NOI applications to construct four generating plants. The four
NOIs were filed together and were considered in docket number 10400. The Protestants and
others intervened to challenge the Utility's assessment of alternatives to the proposed plants. The
Commission issued an order approving the NOIs, and the Protestants and others filed motions for
rehearing. Since the Commission did not act on the motions, they were overruled by operation
of law pursuant to the Administrative Procedure Act, Tex. Gov't Code Ann. § 2001.146(c) (West
1995), and the Protestants filed suit for judicial review of the Commission's order. (1) The district
court first considered the Commission's plea to the jurisdiction and ruled that the order in docket
number 10400 was final and appealable. The district court then proceeded to reverse the
Commission's decision, finding that the Commission acted arbitrarily and capriciously in not
construing its own rule to require the Utility to determine environmental externalities in dollars
and cents. (2)

 The Commission appeals, alleging that (1) the district court erred in denying its
plea to the jurisdiction because an order approving an NOI is not a final decision and (2) the
district court should have deferred to the Commission's interpretation of its own rule as not
requiring the evaluation of environmental externalities in monetary terms. The Utility also
appeals alleging that the district court erred in failing to defer to the Commission's interpretation
of its own rule.



DISCUSSION


 The threshold issue before us is whether the order approving the Utility's NOI was
a final, appealable decision. The Commission argues in its first point of error that an order
approving an NOI is not a final decision and the district court therefore did not have jurisdiction
to review the order. We agree.

 In examining administrative orders, no single formula or rule disposes of all finality
problems. Browning-Ferris, Inc. v. Brazoria County, 742 S.W.2d 43, 48 (Tex. App.--Austin
1987, no writ). A flexible approach must be employed, recognizing the need to both "minimize
disruption of the administrative process and to afford regulated parties and consumers with an
opportunity for timely judicial review of actions that affect them." Texas-New Mex. Power Co.
v. Texas Indus. Energy Consumers, 806 S.W.2d 230, 232 (Tex. 1991). Administrative orders are
generally considered final and appealable if "they impose an obligation, deny a right or fix some
legal relationship as a consummation of the administrative process." Id. (quoting Sierra Club v.
United States Nuclear Regulatory Comm'n, 862 F.2d 222, 224 (9th Cir. 1988)). The order must
leave nothing open to dispute, unfinished, or inconclusive. People Against a Contaminated Env't
v. Texas Air Control Bd., 725 S.W.2d 810, 811 (Tex. App.--Austin 1987, writ ref'd n.r.e.).

 Some decisions speak of finality as a requirement for an administrative order to be
"ripe" for judicial review. Browning-Ferris, 742 S.W.2d at 48-49. The doctrine of ripeness
focuses on conserving judicial time and resources, which "should be expended only for
controversies that are real and present as opposed to those that are merely abstract, hypothetical,
or remote." Id. at 49. The Legislature's grant of authority to an administrative agency "requires
that a court refrain from premature interruption of the administrative process." Id.

 This Court and the Texas Supreme Court examined the finality of administrative
orders in Texas-New Mexico Power, cited by the parties on both sides of the present appeal. 
Texas-New Mexico Power presented the issue of whether a CCN conditioned upon receipt of all
the necessary permits from other state and federal agencies necessary for the construction and
operation of the facility was a final decision. Texas-New Mex. Power Co. v. Texas Indus. Energy
Consumers, 786 S.W.2d 795, 796 (Tex. App.--Austin 1990), rev'd, 806 S.W.2d 230 (Tex. 1991). 
Relying on Mahon v. Vandygriff, 578 S.W.2d 144 (Tex. Civ. App.--Austin 1979, writ ref'd
n.r.e.), which reasoned that administrative orders are not final if rights therein are conditioned
upon some future event, this Court held that the conditional CCN in Texas-New Mexico Power
was not a final, appealable decision. Texas-New Mex. Power, 786 S.W.2d at 796. The supreme
court reversed, reasoning that the presence of a condition in a CCN order does not destroy its
finality because the parties' right to seek judicial review of an order that purports to establish the
parties' rights and obligations should not depend on the uncertainties of future bureaucratic
licensing and approval. Texas-New Mex. Power, 806 S.W.2d at 232.

 The Protestants argue that the reasoning of the supreme court in Texas-New Mexico
Power dictates that an NOI order is final and appealable. The Protestants further argue that it is
illogical that denial of an NOI application can constitute a final decision, while approval of an
NOI does not. Finally, Protestants point to the preamble of the Commission's NOI rule, in which
the Commission responded to concerns and complaints about the rule at the time of its adoption
and stated: "res judicata and collateral estoppel will apply [to the findings in the NOI proceeding]
regardless of what the rule may say." 16 Tex. Reg. 2731, 2732 (1991). The Protestants argue
that this language evidences the Commission's intent that the NOI findings be final and
dispositive.

 The Commission also relies on Texas-New Mexico Power in arguing that an NOI
order is not final and appealable. It claims that the NOI order does not satisfy the case law
definition of finality. Furthermore, the Commission argues that the decision on an NOI is merely
a prerequisite for obtaining a CCN, and is therefore not ripe for judicial review.

 We must examine the NOI proceeding itself to determine whether an order
approving an NOI is a final decision. "The purpose of the NOI proceeding is to identify and
reject frivolous proposals, while the CCN proceeding allows an in-depth evaluation of a specific,
completely designed proposal." 16 Tex. Reg. at 2731. At the NOI stage, the Commission
decides the appropriateness of the proposed plant, including whether it is feasible and reasonable
in light of the alternatives, before a utility expends substantial resources in planning the proposed
plant. See 16 Tex. Admin. Code § 23.31(h)(1), (2) (1994). The Commission evaluates the
proposal based on the specificity of the plans, utility needs according to the Commission's most
recent long-term forecast, and advantages and disadvantages of the alternatives to the proposal. 
See id. § (h)(3), (4). However, the NOI rule expressly directs that the utility's plans need not be
final. See id. § (h)(3)(A). The NOI allows the Commission to intervene with utility planning
efforts at an earlier phase than the CCN in order to review the proposed power plant in its
infancy.

 Approval of the NOI simply allows a utility to proceed to the CCN stage. On the
other hand, a utility is unable to apply for a CCN after the denial of its NOI application. Tex.
Rev. Civ. Stat. Ann. art. 1446c, § 54(e) (West Supp. 1995). Thus, the denial provides the utility
with a final decision that can be immediately reviewed, while the approval does not. (3)

 The CCN is the second stage of a two-step process for approving plans for new
utility plants. At the CCN stage, review of need and alternatives will be more extensive than
during the NOI proceedings. 16 Tex. Reg. at 2732. Considerations excluded from the NOI
proceeding, such as "the specific site or site facilities, whether conservation and alternative energy
sources cannot meet the need, or whether the proposed plant is the best and most economical
choice of technology available," will be addressed at the CCN stage. 16 Tex. Admin. Code §
23.31(h)(1) (1994).

 Alternatives to the proposed plant and compatibility with the Commission's forecast
must be considered in both the NOI and the CCN proceedings. Furthermore, economic analyses
are weighed in both proceedings. In fact, the Commission responded to an objection to this
apparent redundancy between the proceedings by stating in the preamble that the rules must
remain consistent with PURA, which lists similar considerations for both proceedings. See PURA
§ 54(c), (d), (e) (West Supp. 1995). Thus, we agree with the Commission that the only
substantial difference between the NOI and the CCN is the level of review. (4) After the preliminary
review of the proposal at the NOI stage, the CCN proceeding provides a thorough assessment of
the complete proposal of a specific plant at a specific site with more accurate cost estimates. 16
Tex. Reg. at 2731, 2734. In light of the policies underlying the ripeness and finality doctrines,
we conclude that an order approving an NOI application is not a final and appealable decision. 
The Commission's rules state that the NOI findings are not final or binding. See id. at 2732. No
obligation is imposed; no right is denied; no relationship is fixed.

 Concerning the Protestants' argument that the NOI order is a final decision because
it has res judicata and collateral estoppel effect, we note an ambiguity in the Commission's
preamble to the rule. By stating that the NOI findings will have res judicata and collateral
estoppel effect, the Commission apparently intends to preclude reconsideration of some matters
at the CCN proceeding. (5) Irrespective of the res judicata and collateral estoppel implications from
the NOI to the CCN proceedings, however, a protestant does not lose the right to raise any issue
concerning a proposal, including those decisions at the NOI proceeding, upon review of a final
Commission decision to a court of law. That fact makes explicit the interlocutory nature of orders
approving NOIs.

 Our holding does not deny the parties an opportunity to seek judicial review of
administrative decisions; they simply must first exhaust all administrative remedies. See Tex.
Gov't Code Ann. § 2001.171 (West 1995); Railroad Comm'n v. Ennis Transp. Co., 695 S.W.2d
706, 710 (Tex. App.--Austin 1985, writ ref'd n.r.e.). An approval order at the NOI stage is
interlocutory in nature, and protestants can seek judicial review after the decision in the CCN
proceeding. Any result to the contrary would defeat judicial economy. We sustain the
Commission's first point of error.



CONCLUSION


 The Commission's order approving the Utility's NOI was not a final decision and
the district court did not have jurisdiction to review the order. As a result, we need not address
the Utility's and the Commission's other points of error. Because the trial court erred in denying
the Commission's plea to the jurisdiction, we reverse the trial court judgment and render judgment
that the cause be dismissed for want of jurisdiction.



 

 Mack Kidd, Justice

Before Justices Powers, Kidd and B. A. Smith

Reversed and Rendered

Filed: March 29, 1995

Publish

1. [1]  "A person who has exhausted all administrative remedies available within a state agency
and who is aggrieved by a final decision in a contested case is entitled to judicial review . .
. ." Tex. Gov't Code Ann. § 2001.171 (West Supp. 1995).
2. [2]  In this context, the phrase "environmental externalities" refers to the environmental costs
and benefits of producing or consuming electricity that accrue to persons other than the Utility
and its ratepayers, such as the impact of lawful emissions upon humans, animals, and
vegetation near the generating plant. See 16 Tex. Admin. Code § 23.31(h)(4)(B)(ii) (1994)
(requiring an assessment of such environmental costs and benefits to narrow the range of
alternatives to a proposed plant).
3. [3]  This duality is not inconsistent with other orders such as one in response to a motion for
summary judgment. Granting a summary judgment and thereby terminating the proceeding,
similar to denial of an NOI application, is immediately reviewable, while the appeal of an
order denying summary judgment, like appeal of an approved NOI application, must await
final judgment or decision.
4.   The Commission argued that a decision approving an NOI does not bind the
Commission because a higher level of scrutiny is applied when considering issues at the CCN
stage. The Commission analogized approval of an NOI to a finding that there is "probable
cause" in an examining trial for a criminal case. Just as the probable cause finding is not
appealable until the final trial on the merits, the Commission contends, neither should the NOI
order of approval be appealable until the final decision at the CCN proceeding.
5.   For example, if the NOI proceeding began with assessment of thirty alternatives to a
utility's proposed plant and narrowed the number to twelve viable alternatives, discussion of
any of the eighteen alternatives rejected at the NOI proceeding would not take place at the
subsequent CCN proceeding.