**Affirmed and Memorandum Opinion filed August 23, 2012.**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-11-00608-CV**
_____

**MARY ANNA EDMISTON, Appellant**

**V.**

**HARRIS COUNTY, Appellee**

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 946216**

## MEMORANDUM OPINION

Appellant, Mary Edmiston, appeals a judgment in favor of appellee, Harris County, Texas, to recover unpaid tolls due to the Harris County Toll Road Authority. In four points of error, Appellant argues that the county court at law committed error in upholding the administrative trial judge's order. We affirm.

### BACKGROUND

From September 2002 through January 2005, appellant was cited for a number of toll violations that occurred on toll roads in Harris County. In October 2005, appellee

sought to collect the unpaid tolls, charges and fees through an administrative hearing. At the administrative hearing, the administrative hearing officer entered an order finding:

> That [appellant] having been properly served with Citation and the record of unpaid tolls, charges and fees owed to the Harris County Toll Road Authority … [did not appear];
>
> That [appellant] is the person designated as the registered owner … for the Motor Vehicle … during the time period in question.
>
> …
>
> That [appellant] is liable for operating, causing or allowing another person to operate the Motor Vehicle in violation of the Order.
>
> …
>
> Total Amount Due of $1,810.75.
>
> It is FURTHER ORDERED that the Total Amount Due shall be paid … by a check, money order or cashiers' check made payable to Harris County and [it] … shall be delivered to:
>
> Harris County Toll Road Authority [address omitted]

This order was signed on October 3, 2005 and filed with the Harris County Clerk on October 4, 2005. Additionally, the file stamp on the order indicates it was mailed to appellant on October 7, 2005.

In 2009, appellee filed its original petition in the county court at law to collect the $1,810.75 in unpaid tolls, fees, charges and costs associated with the toll violations. Appellant filed an answer, generally denying the allegations. At trial, appellee offered three exhibits into evidence without objection from appellant. The first exhibit was a certified copy of the administrative order, detailed above. The second exhibit was a certified copy of an "Affidavit and Certificate of Service." The affidavit stated that on August 31, 2005, Harris County sent the original citation by certified mail, return receipt requested, to appellant at the address provided on her vehicle registration. It also attested that because the item was returned unclaimed, Harris County sent the citation again by way of the United States Postal Service regular mail on September 2, 2005. The third exhibit was a business record from the Harris County Toll Road Authority. This exhibit was a

2

spreadsheet detailing the toll violations by date, amount and fee charged. Accompanying this exhibit was the affidavit of the Harris County Toll Road Authority Violation Enforcement Center's record custodian. The affidavit attested that the records provided are kept by the Harris County Toll Road Authority in the regular course of business, and whose regular practice is to record the violations and make these records. Further, it stated that the records were originals or exact duplicates, as well as a true and accurate representation of the information contained within the documents. After these documents were admitted, appellee rested its case.

Appellant offered ten exhibits into the record. The exhibits included various letters from appellant to officials associated with collecting toll violations, notices that Harris County intended to collect on the delinquent tolls, numerous "no balance notifications," the administrative hearing order, several checks—some written to the "HCTRA," monthly "EZ-TAG" statements, a news article discussing the inaccuracy of toll transponders, and a news article discussing the allowance of rental cars on toll roads. Appellant also offered a letter written on October 21, 2005, indicating that she had received the administrative order and intended to appeal it. Appellant also offered testimony on her own behalf. Appellee objected to appellant's evidence and testimony as a collateral attack on the administrative order. The trial court sustained the objection and told appellant it would allow her to make an offer of proof to create a record for appeal. The trial court then entered a judgment in favor of appellee.

## ANALYSIS

In four issues appellant argues the court erred in upholding the administrative ruling against her. In her first issue, appellant argues that the judgment entered is not supported by the evidence. Appellant contends in her second issue that the trial court erred in not allowing her to present her defense to the order entered by the administrative hearing officer. In her third issue, appellant argues that the court erred in granting judgment for appellee on the evidence presented. Finally, appellant contends in her fourth issue that the

3

court erred in not applying equity given the "complex and confusing procedural rules of Appellee's organization."

## A. Finality of Administrative Orders & Collateral Attacks

In her second issue, appellant contends that the trial court erred in failing to allow her to present defenses to the administrative order. The resolution of this issue depends on the finality of the administrative order.

In determining the finality of an administrative order a flexible approach must be employed, recognizing the need to both "minimize disruption of the administrative process and to afford regulated parties and consumers with an opportunity for timely judicial review of actions that affect them." *Tex.-New Mex. Power Co. v. Tex. Indus. Energy Consumers*, 806 S.W.2d 230, 232 (Tex. 1991); *see also Sw. Elec. Power Co. v. Pub. Util. Comm'n*, No. 07-10-00108-CV, 2011 WL 5299490, *3 (Tex. App.—Amarillo Nov. 1, 2011, pet. filed); *Tex. Utils. Elec. Co. v. Pub. Citizen, Inc.*, 897 S.W.2d 443, 445–46 (Tex. App.—Austin 1995, no pet.). "Although there is no single rule dispositive of all questions of finality, courts should consider the statutory and constitutional context in which the agency operates, and should treat as final a decision 'which is definitive, promulgated in a formal manner and one with which the agency expects compliance.'" *Tex.-New Mex. Power Co.*, 806 S.W.2d at 232 (quoting 5 J. Stein, G. Mitchell & B. Mezines, *Administrative Law* 48–10 (1988)). "Administrative orders are generally final and appealable if 'they impose an obligation, deny a right or fix some legal relationship as a consummation of the administrative process.'" *Id.* (quoting *Sierra Club v. U.S. Nuclear Regulatory Comm'n*, 862 F.2d 222, 224 (9th Cir. 1988)).

The enabling statute providing for the creation of this administrative procedure is within the Texas Transportation Code. *See* Tex. Transp. Code Ann. § 284.202 (West Supp. 2011). The Texas Transportation Code provides that "[a] person commits an offense if the person: (1) operates a vehicle on a county project; and (2) fails or refuses to pay a toll imposed under Section 284.069." Tex. Transp. Code Ann. § 284.070(a) (West

Supp. 2011). Section 284.202 of the Transportation Code grants the commissioners court of a county with a population of more than 3.3 million the power to issue an order prohibiting the operation of a motor vehicle on a county project if the operator of the vehicle has failed to pay a required toll or charge. Tex. Transp. Code Ann. § 284.202.

The Harris County Commissioners Court has issued such an order ("Commissioners' Order"), the violation of which is based on sections 284.202 and 284.070 of the Transportation Code. *See* Harris Cnty., Tex., Order Prohibiting the Operation of a Motor Vehicle on a County Toll Facility After Failure to Pay Required Toll or Charge; Imposing Fees; and Adopting Administrative Adjudication Procedure for Violation of Prohibition (May 11, 2004) (cited to hereinafter as "Commissioners' Order"); *see also Enter. Leasing Co. of Hous. v. Harris Cnty. Toll Rd. Auth.*, 356 S.W.3d 85, 88–89 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

The Commissioners' Order provides that it was adopted "in an effort to enforce the payment of tolls and charges imposed for the use of county projects … and to deter owners and operators of motor vehicles from failing to pay tolls and charges as required." Commissioners' Order § 1. Additionally the Commissioners' Order provides an administrative hearing procedure to be followed for the collection of unpaid tolls, fees and charges. *Id.* at § 6. Regarding appeal of a hearing officer's decision, the language of the Commissioners' Order is identical to that of the Administrative Procedures Act section 2001.174. *See* Tex. Gov't Code Ann. § 2001.174 (West 2008). The Commissioners' Order also provides that the decision of the administrative hearing officer may be appealed to the Harris County Civil Courts at Law. Commissioners' Order § 6. In order to appeal, appellant had to file a petition with the "Clerk of the County Civil Court at Law not later than the 30th day after the date the hearing officer's decision is filed with the Harris County Clerk." *Id.*

As a result of the enabling statute and adopted Commissioners' Order, appellant's liability for the toll road violations, fees and charges was established at the administrative

5

hearing. The order issued as a result of this hearing imposed an obligation upon appellant to pay $1,810.75. The order clearly required appellant to pay the Harris County Toll Road Authority. Further, it delineated the method of payment, the address to send the payment, and the date by which to make such payment. As a result, this is a definitive order of payment, promulgated in a formal manner through the administrative hearing procedures, and one with which the agency expects compliance. *See Tex.-New Mex. Power Co.*, 806 S.W.2d at 232.

Additionally, there is nothing within the record indicating that appellant appealed the administrative hearing officer's decision. On October 21, 2005, appellant had notice of the order and the time in which to file an appeal. Instead, appellant sent a letter to the administrative hearing officer and stated that appellant had received the order. The letter further requested a rehearing and evidenced her intent to appeal the decision if rehearing was denied. While we are to adopt a flexible approach to afford the parties an opportunity for timely judicial review, we cannot say that attempting to appeal the decision nearly four years later is either timely or reasonable. *See Tex.-New Mex. Power Co.*, 806 S.W.2d at 232. We conclude that the administrative order is a final order.

Having determined that the order is final, we now can determine whether the trial court erred by preventing appellant from presenting her defenses. A collateral attack is an attempt to avoid a judgment's binding force in a proceeding "not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment currently stands as a bar." *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005). A final judgment is generally not subject to a collateral attack due to the policy of the law which encourages finality to judgments issued by the courts. *Id.* at 345. This principle is also applicable to final administrative orders. *Pub. Util. Comm'n of Tex. v. Allcomm Long Distance, Inc.*, 902 S.W.2d 662, 666 (Tex. App.—Austin 1995, writ denied) ("Generally, an agency's final order, like the final judgment of a court of law, is immune from collateral attack."). Only a void judgment is subject to collateral attack.

6

*Browning*, 165 S.W.3d at 346. "A judgment is void only when it is apparent that the court rendering judgment 'had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act.'" *Id.* (quoting *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985)).

This suit was brought by appellee as a collection action on the administrative order. However, appellant attempted to avoid the effect of the administrative order by presenting evidence that she was not liable for the toll violations. She therefore attempted to collaterally attack the administrative order, and the trial court properly excluded the evidence.[1] *See In re A.L.H.C.*, 49 S.W.3d 911, 917 (Tex. App.—Dallas 2001, pet. denied) ("Examples of collateral attacks include a defendant's attempt to deny the existence of a judgment debt in an enforcement action on the judgment …."). We overrule appellant's second issue on appeal.

### B. Evidence Supporting the Judgment

In her first issue, appellant argues that the judgment entered by the court is not supported by the evidence. She contends that because there was no testimony to support the validity or authenticity of the documents admitted into evidence, there is no proof to support the judgment. In her third issue, she argues that the only evidence supporting the judgment was not supported by testimony, and that there was "no legal documentary evidence as to the basis for the claimed violations." Because these issues deal with the same legal principles, they will be addressed together.

The administrative order and the "Affidavit and Certificate of Service" of that order were both documents certified by the Harris County Clerk. The admission of these documents was (1) not objected to at the county court proceedings; and (2) proper under Texas Rule of Evidence 902(4). Tex. R. App. P. 33.1(a); Tex. R. Evid. 902(4). The third

---

[1] Appellant did not argue in the lower court, and does not argue on appeal, that the judgment is void due to a lack of jurisdiction or capacity to act as a court. *See Browning*, 165 S.W.3d at 346; *see also Kendall v. Kendall*, 340 S.W.3d 483, 503 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("The party collaterally attacking the judgment bears the burden of demonstrating the judgment under attack is void.").

exhibit, the uncertified document, was a business record from the Harris County Toll Road Authority. Its admission was also (1) not objected to at the county court proceedings; and (2) proper under Texas Rule of Evidence 902(10). Tex. R. App. P. 33.1(a); Tex. R. Evid. 902(10). Thus, these documents were admissible and it was proper for the trial court to consider them in determining whether to grant judgment for appellee.

We note that appellant does not cite any authority requiring appellee to present testimonial evidence to obtain judgment in its favor. *See* Tex. R. App. P. 38.1(i). Generally, a party may prove its case in many ways, whether by tangible physical evidence, such as documents and business records, or by presenting testimony. *See* Tex. R. Evid. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").

Appellant also argues that "the only evidence given to the Court were copies of three documents not containing the Notice of Hearing …." Appellant presents no authority that the actual notice of hearing was required. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Instead, appellee presented evidence that *service of the notice* of the administrative hearing was perfected. Appellee offered and the trial court admitted into evidence a certified copy of the administrative order, a certified copy of the affidavit and certificate of service and the Harris County Toll Road Authority's records detailing appellant's toll violations and the fee associated with the violations. The affidavit and certificate of service attests that Harris County sent the original citation by certified mail. When it was returned unclaimed, Harris County sent the original citation again by regular mail. Thus, appellee presented evidence indicating appellant had been properly served notice of the administrative hearing. Further, the administrative order states that appellant was properly served "with Citation and the record of unpaid tolls, charges and fees …."

To the extent appellant's argument can be interpreted as a claim that she never received notice, this is an impermissible collateral attack on the judgment. *See Akers v. Simpson*, 445 S.W.2d 957, 959 (Tex. 1969) ("It is the firmly established rule in Texas that a defendant who is not served and who does not appear may not … attack the verity of a judgment in a collateral proceeding; the jurisdictional recitals import absolute verity."); *Dispensa v. Univ. State Bank*, 987 S.W.2d 923, 925–30 (Tex. App.—Houston [14th Dist.] 1999, no pet.) ("[W]hen defective service is alleged, a court cannot go behind the judgment.").

We overrule appellant's first and third issues.

### C. Principles of Equity

Finally, we turn to appellant's fourth issue—that the court should have applied principles of equity to alleviate the harsh effects of the complex procedures of the administrative hearing. Appellant states that the "Order form of the Authority does not contain clear information as to any Civil Court appeal procedures, and should do so." Even if we agreed with appellant on this point, it is not a basis to reverse the judgment of the trial court or to overturn the administrative order.[2] In this case, as the rules indicate in the Commissioners' Order—and in the Administrative Procedure Act, as well as the Texas Transportation Code—appellant should have filed her appeal in the county civil court at law not later than the thirtieth day after the administrative order was filed in the county clerk's record. *See* Commissioners' Order § 6; Tex. Gov't Code Ann. § 2001.174; Tex. Transp. Code Ann. § 284.210 (West 1999); *see also Enter. Leasing Co. of Hous.*, 356 S.W.3d at 88–89 (discussing adoption of the Order by the Harris County Commissioners).

The Commissioners' Order clearly sets out the procedure to follow at the administrative hearing. Section six of the Commissioners' Order is entitled "Attendance at Hearing." It provides that at the hearing, the person "may admit, admit with

---

[2] While obtaining the Commissioners' Order may require some effort, it is not overly cumbersome. It is available in its entirety in the Harris County Administration Building.

9

explanation, or deny, the failure to pay. The failure of a person to appear at the hearing is considered an admission of liability for the failure to pay …." In addition, the procedure to file an appeal is also not overly complex: "A decision of the hearing officer finding that a person is liable for a violation of the Commissioners' Order may be appealed to the Harris County Civil Courts at Law." Appellant could have availed herself of this procedure but did not do so.

Appellant states that she followed the proper procedure to appeal and never received a hearing date or a response from the administrative hearing officer. However, writing a letter requesting a rehearing is not the proper procedure to appeal the decision of the administrative hearing officer. The proper procedure, as outlined above, was to file the appeal in the Harris County Civil Court at Law. Harris County Commissioners' Order § 6. Appellant did not produce any evidence to indicate that she actually followed the proper procedure.

We overrule appellant's fourth and final issue on appeal.


## CONCLUSION

Having overruled all of appellant's issues on appeal, we affirm the judgment of the trial court.



/s/     Leslie Brock Yates
Senior Justice


Panel consists of Justices Seymore, Boyce, and Yates.[3]

---

[3] Senior Justice Leslie Brock Yates sitting by assignment.